### BEAVER V. FRICK CO.

#### Decided March 8, 1890.

1. *Chattel mortgages— Where recorded—Counties having two districts.*

    Under the special act of March 12, 1883, creating two districts in Carroll county, a mortgage of personalty recorded in a district other than where the mortgagor resides is not a lien on such property, as against a subsequent mortgage on the same property recorded in the district where the mortgagor resides.

2. *Delivery of deed to clerk—Presumption.*

    Delivery of a deed in one district of a county to the clerk without instruction is *prima facie* delivery to be filed in the district where delivered.

APPEAL from *Carroll* Circuit Court. Western District.

J. M. PITTMAN, Judge.

The Frick Company sued Beaver for the possession of certain personal property. The cause was tried before the court sitting as a jury, which found the following facts, and set out its finding in its judgment: that the plaintiff claims title to said property by virtue of a chattel mortgage exe-

cuted by one Broadus, who was a resident of the western district of Carroll county, Ark.; that said mortgage had been duly filed with the clerk of Carroll county as recorder, and had been recorded in the eastern district of Carroll county; and that the same had not been filed or recorded in the western district of said county, the district wherein the said mortgagor resided; that the defendant had possession of said property by virtue of a mortgage executed by said Broadus subsequent to the execution of the mortgage of plaintiff and the record of the same in the eastern district of said county; but which said mortgage of defendant, prior to the bringing of this suit, was duly recorded in said western district of Carroll county, the district where the mortgagor resided; that said mortgage to said defendant had been duly foreclosed and that said defendant, at the bringing of this suit, was in possession of the property mentioned in said complaint by virtue of said mortgage and purchase thereunder; that before the execution and recording of the mortgage of the plaintiff, the act creating the western district of Carroll county, Ark., had been passed.

Upon these facts the court rendered judgment in favor of the plaintiff.

*Crump & Watkins* for appellant.

1.   A mortgage on personalty, to create a lien as to strangers, must be recorded *in the county where the mortgagor resides.*   49 Ark., 83.

2.   Under act of March 12, 1883, p. 115, the mortgage should have been recorded in the western district.   The requirement of the law must be strictly followed.   Jones Ch. Mortg., sec. 251;   54 N. Y., 97;   Wade on Notice, sec. 192;   Wade on Notice, sec. 193-4;  4 Wheat., 466;  28 Ark., 244.   Sec also 2 Pom., Eq. Jur., sec. 653;  91 Am. Dec., 106.

*Marshall & Coffman* for appellee.

1. Appellee's mortgage was recorded *in the county where the mortgagor resided.* The act of 1883 does not create two counties for recording purposes, because the act would be unconstitutional, and its terms are unintelligible, thereby rendering it void.

A mortgage is filed within the meaning of the statute when it is delivered to the proper officer, and by him received for the purpose of being recorded. 43 Ark., 144. The court found that it was filed *with the recorder of Carroll county;* that was sufficient. See 28 Ark., 244; 5 Gratt., 212; 2 Gratt., 471.

2. The act is unconstitutional, in so far as it attempts to effect a financial segregation of the county and to prevent uniformity of taxation. 27 Ark., 202. See sections 18 to 22 of the act.

PER CURIAM. The mortgagor resided in the western district of Carroll county. The court found that the plaintiff's mortgage was never recorded or filed in that district. It was therefore not a lien on the property of the mortgagor as against a subsequent mortgage filed and recorded in the district where the mortgagor resides. Under the act creating separate districts for the record of deeds and mortgages in Carroll county (Act March 12, 1883), the two districts stand in that respect as separate counties. Delivery of a deed in one district to the clerk or his deputy without instructions is *prima facie* delivery to be filed in the district where delivered.

Reverse and remand.