### ALLEN v. ROPER.

#### Opinion delivered April 15, 1905.

LABORER'S LIEN — SUFFICIENCY OF COMPLAINT.—A complaint seeking to enforce a laborer's lien which alleges that defendants are indebted to plaintiff in a certain sum for logs hauled under contract with one of the defendants for the other defendant, and that the latter had notice that plaintiff was hauling the logs, and that he had not been paid; that the logs can be identified, and that the logs were hauled within eight months before the bringing of the suit, states a good cause of action.

Appeal from Sevier Circuit court.

JAMES S. STEEL, Judge.

Reversed.

#### STATEMENT BY THE COURT.

This action was commenced before a justice of the peace, where a judgment was rendered in favor of the plaintiff, and the defendants appealed to the circuit court, where plaintiff filed the following amended affidavit which sets out his cause of action. Omitting the caption giving the names of the parties and the court, the affidavit is as follows:

"The plaintiff, George Allen, states that the defendants, J. J. Roper and the Dierks Lumber & Coal Company, are justly indebted to him in the sum of $60.65 for logs hauled under a contract made with J. J. Roper, who had said logs hauled for the Dierks Lumber Company, and the said Dierks Lumber Company had notice of the fact that the said George Allen was hauling said logs, and that he had not been paid. Said logs are now on the yards of the said Dierks Lumber & Coal Company on what is known as the short spur, and said logs are marked J. J. X on the end of said logs, and the length of each log under the above mark; that the plaintiff has a laborer's lien on said logs to secure the payment of said sum, which is now due, and that said labor was performed within eight months next before the bringing of this suit. Wherefore the plaintiff prays for a writ of attachment and summons against said logs, and for judgment for said sum.

"(Signed) GEORGE ALLEN.

"Subscribed and sworn to before me this the 21st day of July.

"B. F. ISBELL, Clerk."

The defendants demurred to this affidavit, and the court, treating it as plaintiff's complaint, held that it did not state facts sufficient to constitute a cause of action, and sustained the demurrer. The plaintiff elected to stand on his complaint, declined to amend, and the action was thereupon dismissed. Plaintiff appealed.

*W. F. Nichols* and *R. E. Steel,* for appellant.

Appellant had a lien under § 4766, Sandels & Hill's Digest; 75 S. W. 854; Acts 1895, p. 35.

*Kirkpatrick & Schwind,* for appellee.

RIDDICK, J., (after stating the facts.) This was an action commenced before a justice of the peace to enforce a laborer's lien on logs for work and labor done by plaintiff under contract. The affidavit, we think, sets out substantially all the necessary facts. *Klondike Lumber Co.* v. *Williams,* 71 Ark. 334. It alleges

that the work was done under one Roper, who had a contract with the lumber and coal company, and that the company had notice that the plaintiff was hauling the logs, and that he had not been paid. If the defendant lumber company had notice that the work was being done by plaintiff, it was its duty to have held back enough of the contract price from Roper to have paid the laborer, if sufficient was due Roper for that purpose. We are therefore of the opinion that the court erred in sustaining the demurrer and dismissing the action. Judgment reversed, and cause remanded with an order to overrule the demurrer and for further proceedings.

HILL, C. J., not participating.