JUDKINS *v.* STATE.

Opinion delivered February 21, 1916.

1. CRIMINAL LAW—FALSE PRETENSES—INDICTMENT.—The indictment held to charge merely the offense denounced under Kirby's Digest, § 1689, of obtaining a "right in action" by false pretenses.

2. CRIMINAL LAW—FALSE PRETENSES—PROOF OF FELONY.—In a prosecution for the procuring the surrender of a "right in action" by false pretenses, the indictment *held* to allege the value of the property surrendered, and *held* also that it was only necessary for the State to show that the value of the property amounted to the sum of $10 in order to prove that the offense charged constituted a felony, and the jury had the right to exercise their general knowledge of values to arrive at the conclusion that the property described was of at least that amount of value.

3. CHATTEL MORTGAGES—RECORD—NOTICE.—A chattel mortgage, recorded in a county other than that of the mortgagor's residence, is not valid as notice to third parties, but an unrecorded mortgage is good as between the parties.

4. FALSE PRETENSES—RELEASE OF LIEN VALID BETWEEN THE PARTIES.—The lien of a mortgage being effective between the parties, it constitutes a criminal offense to obtain its release by means of false representations, even though the mortgage was not properly recorded.

5. FALSE PRETENSES—PROCURING SURRENDER OF "RIGHT IN ACTION"—USURIOUS DEBT.—One who obtains from another, by false pretense, the surrender and release of a written obligation which on its face constitutes a valuable right of action, can not be heard to say that it is no offense under the law, because the right could be avoided by a plea of usury.

Appeal from Pope Circuit Court; *M. L. Davis,* Judge; affirmed.

*U. L. Meade* and *John B. Crownover,* for appellant.

1. The demurrer to the indictment should have been sustained. (1) The indictment indefinitely charges two offenses. Kirby's Digest, § § 1689, 2231; 96 Ark. 237; 50 *Id.* 427; 26 *Id.* 323; 94 *Id.* 226; (2) it charges no value. Kirby's Dig., § 1689; 94 Ark. 242; 38 *Id.* 555; (3) it is vague indefinite and uncertain. Kirby's Dig., § § 2227-2243.

2. The court should have required the State to elect. Kirby's Dig., § 2230; 36 Ark. 55; 32 *Id.* 203; 48 *Id.* 94.

3. Instructions 1 and 2 given for the State were error. They are multifarious, vague and redundant, thereby confusing the jury. 37 Ark. 593; 71 *Id.* 38. An instruction though a correct statement of law in the abstract, but not applicable to the evidence should not be given. 84 Ark. 128; 99 *Id.* 648; 82 *Id.* 324; 34 *Id.* 467; 36 *Id.* 242; 54 *Id.* 336; 13 *Id.* 317; 70 *Id.* 441; 63 *Id.* 177. It was prejudicial in that it only submitted * * * the value of the note and property in the mortgage amounting to more than $10. Kirby's Dig., § § 1689, 1826.

4. Hoffman was not injured and lost nothing by reason of the false representations, if false. 50 Ark. 427; 96 *Id.* 237. There must be a false pretense, with intent to defraud. 102 Ark. 451. A mortgage (chattel) must be filed in the county of the mortgagor's residence. Kirby's Dig., § 5395. Nothing of value was obtained.

5. Between conflicting presumptions that which favors the accused prevails. 97 Ark. 212; 34 *Id.* 511; 59 *Id.* 413.

6. The note to Hoffman was void for usury and no false representations in regard to the security were criminal. 55 Ark. 143; 55 *Id.* 268; 48 *Id.* 479; 55 *Id.* 318, 54 *Id.* 155; 52 *Id.* 373; 63 *Id.* 249; 54 *Id.* 50, etc. A fraudulent intent without injury is not the subject of judicial cognizance. 43 Ark. 454. Instructions overlooking one issue in a case are misleading. 77 Ark. 201; *Ib.* 128.

*Wallace Davis,* Attorney General and *Hamilton Moses,* Assistant, for appellee.

1. The demurrer was properly overruled. It is sufficient when the offense is stated with such certainty that the accused knows the crime with which he is charged, and the court and jury the issue to be tried, etc. 102 Ark. 454; 98 *Id.* 577; 95 *Id.* 48; 84 *Id.* 487; Bishop, New Cr. Law, § 163; Kirby's Dig., § § 2243, 2228; 95 Ark. 61.

2. Two offenses are not charged. 38 Ark. 543, 547; 38 *Id.* 519; 47 *Id.* 492; 12 *Id.* 65. It merely alleges a *series* of facts constituting *one* offense. 111 Ark. 215; 114 *Id.* 38; 98 *Id.* 578. It is not necessary to prove all the false pretenses, etc., but only a material portion of them. 35 Ark. 396; 36 *Id.* 242; 96 *Id.* 237.

3. There is no error in the instructions given for the State. 61 Ark. 157; 102 *Id.* 451; 65 *Id.* 222; 63 *Id.* 177; 70 *Id.* 441; 104 *Id.* 142; 101 *Id.* 570. It is not necessary to give more than one correct instruction upon the theory of reasonable doubt. 62 Ark. 494; 80 *Id.* 201.

4. Usury is not a valid defense. 51 Ind. 11; 105 Ga. 606; 167 Mass. 144; Wharton, Cr. Law, (11 ed.), vol. 2, § 1661, Rapalje, Larceny, etc., § 475; 172 Mass. 248; 36 Pac. 952; 135 Cal. 266; 38 Atl. 847; 150 Ill. 248; 32 Ind. 62; 96 N. E. 799. The case was properly submitted to the jury and the proof was positive as to the crime.

McCULLOCH, C. J. Appellant was convicted under an indictment which charged him with obtaining from one J. M. Hoffman a promissory note in the sum of $300 and a certain chattel mortgage on personal property to secure the same, by virtue of a false representation concerning the value of other security given in lieu thereof. It is charged in the indictment that appellant was indebted to Hoffman in the sum of $370, evidenced by a promissory note for $350 and bearing 10 per cent. interest, and to secure the payment thereof he executed to Hoffman a chattel mortgage on his one-third interest in a cotton gin and grist mill, one horse, three cows and calves, and one John Deere binder, all of the value of $370.41, and that he induced Hoffman to surrender said

note and release said chattel mortgage and accept in lieu thereof another mortgage on a tract of land by a false and fraudulent representation that there were only two prior mortgages on the land, when in fact there were three prior mortgages given to secure a sum equal to or in excess of the value of the land.

On the trial of the case, the State adduced testimony tending to establish the allegations of the indictment. The testimony showed that Hoffman held the note of the appellant for the sum named, and the chattel mortgage to secure payment of the same, and that appellant induced him to surrender the note and chattel mortgage and to accept a new note secured by a mortgage on land, upon representations that the land was unencumbered except by a mortgage to a certain loan company and to another party when in truth and in fact a third party named Hendrix also held a mortgage on the land for a large sum.

Appellant adduced testimony tending to show that he made no false representations, but correctly represented to Hoffman that there were three prior mortgages on the land. Appellant also introduced proof tending to show that the original note, which was surrendered pursuant to the alleged false representations, was void on account of usury. The proof tended to show that the note contained a stipulation for interest at the rate of 10 per cent. per annum from date, and that in addition to that appellant gave to Hoffman a cow of the value of about $20, and agreed to release an account for repairing a well in the sum of $5.

(1) It is contended in the first place that the indictment was void because there was an attempt therein to charge two offenses. We are of the opinion that only one offense was charged in the indictment. It is true that there was an allegation to the effect that Hoffman was induced to sign a note to the clerk and recorder, directing him to satisfy the records of the mortgage, but that did not constitute an attempt to charge a separate offense

but was only put in as a part of the allegations showing the surrender of the securities.

The statute makes it an offense for one to "designedly, by color of any false token or writing, or by any other false pretense, obtain a signature of any person to any written instrument, or obtain from any person any money, personal property, right in action, or other valuable thing or effects whatever." Kirby's Digest, section 1689.

If it be conceded that this section prescribed separate and distinct offenses, rather than different modes of committing the same offense, yet it does not follow that this indictment even attempted to set out two modes of committing the alleged offense, for we think it merely constitutes a charge that the surrender and the cancellation of the securities was obtained; and if that be true, then it constituted an offense under that part of the statute which denounces the obtaining from any person any "right in action" by false pretense.

(2) Again, it is insisted that the indictment is defective in failing to allege the value of the security surrendered, but an inspection of the indictment reveals the fact that no such omission is found there. It is alleged that the secured debt was evidenced by a note in the sum of $350, with accrued interest, and that the property described in the chattel mortgage, towit: a third interest in a cotton gin and grist mill, and one horse, three cows and calves, and one John Deere binder, was of the value of $370.40, and that Hoffman was induced by said false pretense to surrender said note and to release said mortgage lien. This constituted an allegation of the "right of action" which appellant obtained by reason of the false pretense. There was no testimony introduced concerning the value of the property described in the surrendered chattel mortgage, but in order to prove that the offense constituted a felony it was only necessary for the State to show that the value of the property amounted to the sum of $10, and the jury had the right to exercise their general knowledge of values to arrive

at the conclusion that the property described was of at least that value.

(3) The proof shows that appellant resided in Perry County, Arkansas, and that the chattel mortgage was recorded in Conway County. The record was, therefore, insufficient to constitute notice to third parties, for the statute provides that a mortgage on personal property must be recorded in the county in which the mortgagor resides. Kirby's Digest, section 5395.

But an unrecorded mortgage is good between the parties thereto and constitutes a lien which may be enforced as against the mortgagor. *Smead* v. *Chandler,* 71 Ark. 505.

(4) Appellant requested the court to instruct the jury that if the recording of the mortgage in a county other than where the mortgagor resided gave it no validity as a lien, that obtaining an order on the recorder ror the surrender and cancellation of the mortgage did not constitute an offense. The instruction was obviously incorrect and the court properly refused to give it. The lien of the mortgage being effective between the parties, it constituted an offense to obtain its release by means of false representations, even though it was not properly recorded.

(5) The principal ground urged for reversal of the judgment is that the court erred in refusing to submit to the jury the question whether or not the original debt secured by the surrendered mortgage was void on account of being usurious, and in refusing to instruct the jury that if the debt was usurious the obtaining by false pretense of the surrender of the mortgage did not constitute an offense. We find very little authority bearing on that question. The nearest approach to a decision of that question is a Missouri case. *State* v. *Clay,* 100 Mo. 571, 13 S. W. 827. It was there held that it was not an offense to obtain from a married woman, by false pretense, a written contract granting an option for the sale of her land, for the reason that such a contract was not binding on a married woman and it was, therefore, not

a thing of value. The statute of Missouri on that subject is not precisely the same as our statute, though it is to some extent similar. It provides that it shall constitute an offense to obtain from any person, by false pretense, "any money, personal property or other thing of value," but does not, as our statute does, embrace the words "right or action," Now, a void obligation may not in fact constitute a thing of value, but it does constitute a "right or action" within the meaning of the statute. A right of action may be asserted under an usurious contract and recovery may be had unless a plea of usury is interposed, therefore the contract constitutes a right of action within the meaning of the statute. Especially is that true where the usury is not revealed in the face of the contract. The party who surrenders a contract valid on its face by reason of a false pretense is thus deprived of asserting a claim under the contract, and that is what was intended to be reached by the statute. *Quertermous* v. *State,* 114 Ark. 452.

"It is no defense," said Mr. Wharton, "that the prosecutor was not injured." 2 Wharton on Criminal Law, section 1503.

And it is generally held that "one who obtains money by false pretenses is liable to punishment, though the person from whom it was obtained parted with it in furtherance of an illegal purpose." Rapalje on Larceny and Kindred Offenses, section 435.

The principles above announced are not precisely the same as those involved in the present case, but they are applicable to the extent that one who obtains from another, by false pretense, the surrender and release of a written obligation which on its face constitutes a valuable right of action, can not be heard to say that it is no offense under the law because the right could be avoided by a plea of usury. We are therefore of the opinion that the court did not commit error by refusing to submit that question to the jury.

Judgment affirmed.

Smith, J., dissents.