## RUDDELL v. REVES.

### Opinion delivered November 29, 1920.

1. EXECUTION—RIGHTS OF PURCHASER—SALE UNDER ALLEGED LIEN.— The rights of a purchaser at an execution sale were not affected by the seizure and sale of the property to enforce an alleged superior laborer's lien, if there was no such valid lien.

2. MASTER AND SERVANT—LABORER'S LIEN FOR HAULING ARTICLE.— Under Kirby's Dig., § 4995, et seq., giving laborers a lien on the production of their labor, and section 5011, giving them a lien on any object, thing, material or property for labor done or performed thereon, hauling an article merely for the purpose of transporting it does not create a lien unless such labor forms a part of the act of converting material into a product, or unless the hauling is for the purpose of having work done on the article transported and the hauling forms a part of the work to be done.

3. MORTGAGES—NECESSITY OF RECORD.—Under Kirby's Dig., § 5396, a mortgage not legally recorded is unenforceable against those who acquired specific liens on the property.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*W. K. Ruddell,* for appellants; *J. B. & J. J. McCaleb,* of counsel.

1. Appellants Ottinger and Goforth were entitled to a lien for hauling the ore. Kirby's Dig., § 5011; 71 Ark. 334; 75 *Id.* 104; 58 Am. St. Rep. 545.

2. The court erred in refusing to allow appellee Reeves to testify that he knew there was a deed of trust on the ore in controversy. 33 Ark. 328, 336. It was competent evidence that he had actual knowledge, and, if so, his execution sale would not be good, as he knew there was a valid lien on the ore. 42 Ark. 236; 109 *Id.* 151. Appellants were in possession and had the right to contest the validity of the sale. 29 Ark. 270-7.

3. It was error to peremptorily instruct the jury that appellee was a *bona fide* purchaser. Parties who purchase at their own execution sale take title subject to the prior equities of other parties. 128 Ark. 462; 53 *Id.* 137; 2 Crawford's Dig., 2119. It was also error to allowing appellee to amend the complaint.

4. It was error to give the peremptory instruction as there was evidence to sustain a verdict before a jury. 137 Ark. 293; 86 Ark. 86; 89 *Id.* 230; 93 *Id.* 272; 118 *Id.* 128.

5. Objections to the parties to a suit can not be raised for the first time in this court. 91 Ark. 30, 38.

*Samuel M. Casey,* for appellee.

There is no satisfactory evidence that appellants had any lien or its nature. The mere hauling the ore to the railroad gave no lien. 50 Ark. 244; 54 *Id.* 522; 71 *Id.* 337. See, also, 71 Ark. 517.

McCULLOCH, C. J. Appellee sued appellants for the conversion of a lot of manganese ore which had been mined and hauled to a railroad station. Appellee claimed title to the ore as purchaser thereof under an execution sale against one Hamer, the former owner. Appellant converted the ore, claiming ownership under a subsequent sale to satisfy a lien asserted against Hamer by certain laborers on account of having hauled the ore from the mine to the railroad station. Appellants also pleaded as defense an unforeclosed mortgage on the ore executed by Hamer to T. A. Gray; but, when the mortgage was offered in evidence at the trial, it appeared not to have been

legally filed for record, and the court excluded it. There was a verdict in appellee's favor, which the jury returned under peremptory instructions of the court.

The material facts are undisputed, and the only questions of law presented relate to the defense offered by appellants. They claimed, as before stated, under a sale to enforce a lien asserted by certain laborers for hauling the ore. If there was a lien at all, it was superior to the rights of appellee under his purchase at the execution sale. If there was no valid lien, his rights as such purchaser were not affected by the subsequent seizure and sale to enforce the lien, and appellants are liable for the conversion.

The statute under which the lien was asserted reads as follows:

"The laborer who performs work or labor on any object, thing, material or property, shall have an absolute lien on such object, thing, material or property for such labor done and performed, subject to prior liens and landlord's liens for rents and supplies, and such liens may be enforced within the same time, and in the same manner now provided for by law, in enforcing laborer's liens on the production of labor done and performed." Kirby's Digest, § 5011.

Prior to the enactment of this statute, laborers were given a statutory lien only on the production of their labor. Kirby's Digest, § 4995, *et seq.*

The statute quoted above enlarged the rights of laborers so as to give a lien "on any object, thing, material or property" on which they performed labor. Hauling an article merely for the purpose of transporting it, does not create a lien under either of the statutes unless such labor forms a part of the act of converting material into a product, or unless the hauling is done for the purpose of having work done on the article transported and the hauling forms a part of the work to be done. *Klondike Lumber Co.* v. *Williams,* 71 Ark. 334; *Allen* v. *Roper,* 75 Ark. 104.

The mortgage had not been legally recorded, and was therefore unenforcible against those who acquired specific liens on the property. Kirby's Digest, § 5396; *Smead* v. *Chancellor,* 71 Ark. 507.

The trial court submitted to the jury the question of the amount of damages to be assessed, and the verdict is supported by the evidence.

Affirmed.