SIMPSON *v.* FIRST NATIONAL BANK OF DEWITT.

Opinion delivered March 21, 1927.

MORTGAGES—REGISTRATION IN WRONG DISTRICT.—Where plaintiffs, residing in the Northern District of Arkansas County, executed chattel mortgages which were recorded in the Southern District, defendant mortgagee was not liable for the statutory penalty under Crawford & Moses' Dig., § 7396, for failure to satisfy them when paid, as the mortgages constituted no lien on plaintiff's property, even as against persons with actual notice.

Appeal from Arkansas Circuit Court, Southern District; *George W. Clark,* Judge; affirmed.

*Botts & O'Daniel,* for appellant.

*John L. Ingram,* for appellee.

SMITH, J. Appellants are farmers and stock raisers, and resided in the Northern District of Arkansas County. On August 13, 1921, they borrowed $433.90 from the First National Bank of DeWitt, and, to secure the payment thereof, executed a chattel mortgage on a lot of cattle owned by them. Payments were made on the indebtedness thus secured, and upon each renewal of the note a new chattel mortgage was taken. In this manner a fifth chattel mortgage to the bank was executed on June 23, 1923, to secure the balance then remaining unpaid. In each case there was a failure to cancel and satisfy of record the prior mortgage upon the execution of the subsequent one, so that, when the indebtedness secured by

the last mortgage was paid, none of them had been satisfied of record.

Appellants made demand that the bank satisfy and cancel of record these mortgages, pursuant to § 7396, C. & M. Digest. This section reads as follows: "If any person thus receiving satisfaction do not, within sixty days after being requested, acknowledge satisfaction as aforesaid, he shall forfeit to the party aggrieved any sum not exceeding the amount of the mortgage money, to be recovered by civil action in any court of competent jurisdiction." The demand to satisfy was not complied with, and this suit was brought to recover damages for this failure.

Appellant offered testimony tending to show that they had been damaged in a very substantial amount on account of their inability to sell the mortgaged cattle, which they were unable to do because of the outstanding mortgages.

There was a verdict and judgment in appellant's favor for the sum of $12.50, and they seek by this appeal to reverse that judgment upon the ground that the undisputed evidence shows that they sustained damages in a very much larger amount.

The briefs discuss the question whether the statute quoted is penal or remedial, the significance of that issue being that, in one case, the statute of limitations is two years and in the other three years. We find it unnecessary to decide this question, for reasons hereinafter stated.

By act No. 63, Acts 1913, page 192, Arkansas County was divided into two judicial districts, which were designated as the Northern and Southern districts, and it was there provided that, for all the purposes of the act, these districts should be considered as separate and distinct counties. The clerk and recorder is required by the act to maintain an office in each district and "to record all deeds and other instruments in writing required by law to be recorded in their respective offices."

As we have said, appellants reside in the Northern District of Arkansas County, and the mortgages executed by them to the bank were filed for record in the Southern District of that county. This being true, the mortgages were not recorded instruments within the meaning of the statute under which this suit was brought.

In the case of *Beaver* v. *Frick Co.,* 53 Ark. 18, 13 S. W. 134, a *per curiam* opinion reads as follows: "The mortgagor resided in the Western District of Carroll County. The court found that the plaintiff's mortgage was never recorded or filed in that district. It was therefore not a lien on the property of the mortgagor as against a subsequent mortgage filed and recorded in the district where the mortgagor resides. Under the act creating separate districts for the record of deeds and mortgages in Carroll County (act March 12, 1883), the two districts stand in that respect as separate counties."

Section 7381, C. & M. Digest, provides that "every mortgage, whether for real or personal property, shall be a lien on the mortgaged property from the time the same is filed in the recorder's office for record, and not before; which filing shall be notice to all persons of the existence of such mortgage."

The mortgages to the bank were therefore not recorded, and it is settled law that an unrecorded mortgage constitutes no lien upon the mortgaged property as against strangers, even though they have actual notice of its existence. *Smead* v. *Chandler,* 71 Ark. 505, 76 S. W. 1066; *Ruddell* v. *Reves,* 146 Ark. 259, 225 S. W. 316.

Not having been properly recorded, the mortgages in favor of the bank were not liens on the property, even as against persons having actual notice thereof, and, for this reason, we conclude that the statute sued on does not create a cause of action in appellants' favor.

Appellee has not cross-appealed, but asks that the judgment be affirmed, and it is so ordered.