## HALL v. CARTWRIGHT.

Opinion delivered September 23, 1929.

*Reid, Evrard & Henderson* and *C. A. Cunningham,* for appellant.

*G. B. Segraves,* for appellee.

KIRBY, J. Appellant states correctly that there is but one question involved in this appeal, whether the recording of a mortgage of personal property in the Osceola District of Mississippi County, where the property was situated, while the mortgagor resided in Blytheville, in the Chickasawba District in said county, created a lien on the abstract books mortgaged.

The abstract books were purchased by appellee at a sale duly made by the trustee in bankruptcy, the mortgagor having been declared a bankrupt more than four months after the execution of the mortgage and the record thereof at Osceola, where the books were situated at the time of this suit and in the possession of the appellee company.

A mortgage of personal property does not constitute a lien upon the property mortgaged until the same is filed for record in the recorder's office in the county in which the mortgagor resides, or in the district of his residence

where the county is divided into districts. Sections 7380-81, C. & M. Digest; *Beaver* v. *Frick Company*, 53 Ark. 18, 13 S. W. 134.

By act 81 of 1901 and act 468 of 1919, amendatory thereof, Mississippi County was divided into two judicial districts, designated as the Osceola District and the Chickasawba District, the acts expressly providing that, for all purposes thereof, these districts should be considered as separate and distinct counties, the amendatory act requiring the clerk to keep a record of the sales of lands for taxes, the formation and alteration of school districts, the establishment and location of roads and highways and of ditches and drainage districts, and the alteration thereof, a record for all deeds of trust and mortgages and other instruments required by law to be recorded, ''and to record all such instruments pertaining to the property rights of the Chickasawba District, and shall either file or record all chattel mortgages pertaining to personal property in said district in his office in said district, and all such instruments, when so filed or recorded, shall have the same force and effect as if filed or recorded at Osceola, in said county.''

Appellant concedes that the recording of the mortgage at Osceola would have created no lien on the property there situate, the mortgagor at the time residing in the Chickasawba District, under the terms of the original act of 1901 creating the two districts of the county, and that proper construction of the act would be controlled by the decisions above cited. He insists, however, that the amendment to the act providing for the filing or recording of chattel mortgages in the Chickasawba District, and that all such instruments, when so filed or recorded, ''should have the same force and effect as if filed or recorded at Osceola in said county,'' changes the effect of the law, and that chattel mortgages pertaining to property situate in the Osceola District create a valid lien when filed or recorded there, so long as the mortgagor resided in Mississippi County, without regard to his being a resident of the Chickasawba District.

The law as amended only pertains to property in the Chickasawba District, and has no reference to chattel mortgages of property in the Osceola District, leaving the law relative thereto as it was prior to the division of the county into districts by the said act of 1901. It is the duty of the court, in the construction of statutes, to arrive at the legislative will, to be determined primarily from the language of the statute itself, and to sweep aside all obstacles in the way of accomplishing it, and if a statute is susceptible of two constructions, one of which would render it an absurdity and the other would not, the latter will be adopted. *McDaniel* v. *Ashworth,* 137 Ark. 280, 209 S. W. 646; *Standard Oil Co.* v. *Brodie,* 153 Ark. 124, 239 S. W. 753; *Southern Surety Co.* v. *Dardanelle Road Improvement District,* 169 Ark. 764, 276 S. W. 1014, 42 A. L. R. 299.

The fair and reasonable construction of the statute dividing the county into two districts and providing, for all purposes of the act, that they should be considered as distinct counties, and the amendment relating expressly to the filing or recording of chattel mortgages in the Chickasawba District, could mean only that such mortgages, when filed or recorded in such district, would create a lien on the property mortgaged under the same conditions as the filing or recording of a chattel mortgage in a county not so divided, and any other construction would render it an absurdity, or amount to a repeal of such statute.

The decree is correct, and must be affirmed. It is so ordered.