PRIMM *v.* FARRELL-COOPER LUMBER COMPANY.

4-7990                                                   197 S. W. 2d 557

Opinion delivered November 18, 1946.

Rehearing denied December 16, 1946.

*Rowell, Rowell & Dickey,* for appellant.

*W. W. Sharp* and *E. W. Brockman,* for appellee.

ROBINS, J. Appellees, partners doing business as Farrell-Cooper Lumber Company, brought replevin in the lower court against Bob Benford and appellant to recover possession of a Ford truck and trailer and two horses, title to which was asserted by appellees under a mortgage executed to them by Benford. Appellant claimed the property by purchase from Benford. Benford made

no defense. From a judgment, based on a jury's verdict, awarding the chattels to appellees, appellant prosecutes this appeal.

Benford lived at Pine Bluff, but took his truck and horses to Monroe county where he stayed temporarily and worked for appellees. During this time he became indebted to appellees in the sum of $1,132, for which he executed his promissory note, payable to appellees, dated August 24, 1944, due one year after date. In order to secure this note, Benford, on the same day, executed to appellees a mortgage on the property in dispute. This mortgage was mislaid and was not filed for record until February 7, 1945, when it was filed in the office of the circuit clerk of Monroe county. Certain payments were made which reduced the amount due on the note to $858.60.

Some time after the execution of the note and mortgage, Benford returned to his home in Jefferson county, taking along with him the mortgaged property. He then began working for appellant at appellant's filling station and woodyard in Pine Bluff.

Learning that Benford had gone home, appellees sent their representative to see him in an effort to collect the debt or get possession of the mortgaged property. Benford asked appellant, his new employer, for assistance in the matter. Appellant offered to pay the debt off for Benford, provided appellees would draw on appellant with the note, mortgage and a release thereof, attached to the draft. This offer was never acted upon by appellees, apparently for the reason that, at that time, the mortgage, which had not yet been filed for record, had been mislaid and could not be delivered to appellant.

On February 17, 1945, Benford executed a bill of sale to appellant for the property. Appellant's version of this transaction was that he had previously ascertained that no mortgage from Benford to appellees had been filed with the recorder in either Monroe or Jefferson county, and that, needing the equipment, he bought it from Benford. He testified that he gave Benford a check for $667 (which was the amount he said Benford claimed

he owed appellees); that he had Benford indorse the check and paid Benford the amount thereof in cash and then destroyed the check.

Benford testified that when they learned that the agent of appellees was in Pine Bluff appellant suggested that Benford hide the truck and volunteered to help in doing so and that appellant obtained from him the key to the truck for this purpose; that appellant then advised him to sign a bill of sale for the property, saying, "you have got to trust me," and that the bill of sale would be destroyed; that appellant made out the check and Benford indorsed it, but never received any money whatever from appellant.

The lower court correctly instructed the jury that the recording of the mortgage in Monroe county, which was not the county of residence of the mortgagor, was no notice to appellant. Section 9434, Pope's Digest; *Judkins* v. *State*, 123 Ark. 28, 184 S. W. 407; *Combs* v. *Owen*, 182 Ark. 217, 31 S. W. 2d 127. Proper, too, was the instruction given by the court that an unrecorded mortgage is valid between the mortgagor and mortgagee and may be likewise enforced against one who obtains the mortgaged property from the mortgagor without paying value therfor. But the court erroneously instructed the jury that even though the mortgage was improperly recorded and even though appellant paid value for the property, still, if appellant had actual knowledge of the existence of the mortgage, the appellees were entitled to recover the property. In effect the court told the jury that actual knowledge of existence of the mortgage was equivalent to record notice thereof. This portion of the instruction was contrary to the established rule in this state.

In the early case of *Main* v. *Alexander*, 9 Ark. 112, 47 Am. Dec. 732, this court held that, while an unrecorded mortgage is good between the parties, under our registry act such a mortgage is not good as against strangers even though they may have actual knowledge of its existence. This rule is reiterated in the case of *Dodd* v. *Parker*, 40 Ark. 536.

"It is settled law that an unrecorded mortgage constitutes no lien upon the mortgaged property as against strangers, even though they have actual notice of its existence." *Simpson* v. *First National Bank of DeWitt*, 173 Ark. 284, 292 S. W. 138.

"We have often held that an unrecorded mortgage is no lien on the property as against a stranger, although he may have actual knowledge of its existence." *Sims* v. *Petree*, 206 Ark. 1023, 178 S. W. 2d 1016.

So, actual notice to appellant of the existence of the mortgage was not sufficient to give the mortgagees a lien prior to the claim of appellant, provided appellant was a *bona fide* purchaser for value. While appellant's testimony that he did actually buy and pay for the property is contradicted by Benford's testimony, as well as by some circumstances shown, this contradiction was for the jury to resolve.

The lower court, therefore, should have charged the jury that, if they found that appellant did not pay value to Benford for the property, they should return a verdict for appellees, but that, if the alleged sale to appellant was a transaction made in good faith and appellant paid Benford value for the property, their verdict should be for appellant.

The judgment of the lower court is, therefore, reversed and the cause remanded with directions to the lower court to grant appellant a new trial and for further proceedings not inconsistent with this opinion.