CONNELL *v.* ROBINSON.

4-9183                                           228 S. W. 2d 475

Opinion delivered April 3, 1950.

*Tompkins, McKenzie & McRae,* for appellant.

*Denman & Denman,* for appellee.

DUNAWAY, J.   Appellant Connell is the purchaser of a second-hand automobile from one Caruthers, operator of the Kaiser-Frazer agency in Prescott, Arkansas, and appellee Robinson is in the used car and auto loan business in Fort Smith.   Robinson brought an action in replevin in the Nevada Circuit Court to recover from Connell possession of the car.   From a directed verdict and judgment for the plaintiff below Connell has appealed.

. The automobile which is the subject of this litigation was originally sold to one Basham by Caruthers on January 13, 1948, under a contract of conditional sale.   This conditional sales contract was immediately assigned by Caruthers to Universal Credit Company.   Basham left Prescott with the car, but continued to make the payments due under the contract.

On December 6, 1948, Basham traded in the car in question to Caruthers on a new car.   Before making this trade Caruthers checked with Universal Credit Company and ascertained the balance due under the original conditional sales contract, which amounted to $1,008.73. Caruthers also found a purchaser, Connell, for the car to be traded in, before completing the deal with Basham. From the $2,000 purchase price paid by Connell, Caruthers paid Universal Credit Company in full.

Although Basham had represented to Caruthers at the time of the trade that there was no other claim against the car, he had in fact had a transaction with Robinson in Fort Smith on October 26, 1948.   It was on the basis of this transaction that Robinson claimed title to the car in the instant suit.

Appellee's version of the Fort Smith transaction was this: On October 26, 1948, Basham, who was unknown to appellee, came to his place of business which had a big sign over it—"Bank Rate Auto Loans Made Here"—and offered to sell the automobile in question for $1,380.   Although appellee had some doubt as to Basham's title, he verified Basham's assertion that the only claim against the car was for the sum of $528.75 owed to Pacific Finance Company of Lubbock, Texas.   Since the car was

such a "sweet buy" at the offered price of $1,380, Robinson bought it, paying the Pacific Finance Company in full by check and giving the balance of the purchase price in cash to Basham. About six hours later Basham returned and sought to repurchase the car he had just sold, saying that his wife would probably leave him if she found out he had disposed of their automobile. Appellee then resold his recent "sweet buy" to Basham at a profit of $20 under a conditional sales contract upon which this replevin action is based. Basham paid part of the repurchase price in cash with a balance due of $898.08, secured by the conditional sales contract. Basham had no certificate of title to the car and Robinson did not recall whether he had been given any bill of sale by Basham.

Caruthers intervened in the cause alleging that he was entitled to be subrogated to the rights of Universal Credit Company under the initial conditional sales contract by reason of his having paid off that indebtedness at Basham's request and therefore had a lien superior to any held by Robinson; he further prayed that the cause be transferred to equity. By Connell's answer, he claimed to be an innocent purchaser for value; he also claimed the right to be subrogated to the superior lien of Universal Credit Company since he knew of that company's outstanding title-retaining note and had furnished the money for satisfying that indebtedness. Appellant also filed a motion to transfer to equity.

The trial court overruled the motions to transfer to equity, to which action exceptions were duly saved.

Appellee testified as has been set out above, and introduced the conditional sales contract and check to Pacific Finance Company. No other witness testified in his behalf as to anything relevant to the issues in this case.

Caruthers, Connell and a representative of Universal Credit Company testified as to the payment to the latter company, on the issue of subrogation; and as to the circumstances of the sale to Connell.

The trial court directed a verdict for the plaintiff.

Although there were a number of assignments of error made in appellant's motion for new trial, including the refusal of the trial court to transfer the cause to equity, on this appeal we consider only the alleged errors argued in the brief. *Purifoy* v. *Lester Mill Co.,* 99 Ark. 490, 138 S. W. 995. Since we have concluded that the court erred in directing a verdict for the plaintiff, it is unnecessary to discuss the form of the verdict, the only other point argued in appellant's brief.

It was appellant's contention at the trial and in the argument here presented that the alleged sale and resale between Basham and Robinson was not a *bona fide* sale, but was an attempted method of securing a loan made to Basham. If appellee never acquired title to the car, appellant as a purchaser for value would prevail over appellee's claim, even without consideration of his claimed right of subrogation to the prior lien of Universal Credit Company. We have held that an unrecorded chattel mortgage is not a lien upon the mortgaged property as against a purchaser from the mortgagor, even though such purchaser has actual knowledge of its existence. *Primm* v. *Farrell-Cooper Lumber Co.,* 210 Ark. 699, 197 S. W. 2d 557.

A question of fact was thus presented whether appellee ever had title to the automobile. As already stated, appellee was the only witness who testified on this issue. It is well settled in Arkansas that the testimony of a party to an action is never regarded as undisputed in determining the legal sufficiency of the evidence. *Skillern* v. *Baker,* 82 Ark. 86, 100 S. W. 764, 118 Am. St. Rep. 52, 12 Ann. Cas. 243; *McCollum* v. *Graber,* 207 Ark. 1053, 184 S. W. 2d 264.

This rule has been considered in two recent cases in which the question of retention of title in the sale of automobiles was in issue. In *Sykes* v. *Carmack,* 211 Ark. 828, 202 S. W. 2d 761, the question in a replevin suit was whether title had been reserved under an oral contract of conditional sale. Appellant Sykes, plaintiff therein, and his son testified that title was retained when the car was sold. The jury found otherwise. In answer to the con-

tention that the verdict was contrary to the undisputed testimony, this court said at page 830 in affirming the judgment: "Moreover the jury may not have credited the testimony that there was a reservation of the title. The interest of appellant and his son is such that their testimony may not be treated as undisputed, and this interest makes the truth of their testimony, although not disputed by any witness, a question of fact for the jury. In the case of *Skillern* v. *Baker,* 82 Ark. 86, 100 S. W. 764, 118 Am. St. Rep. 52, 12 Ann. Cas. 243, it was held that the general rule that where an unimpeached witness testified distinctly and positively to a fact and is not contradicted, and there is no circumstance shown from which an inference against the fact testified to by the witness can be drawn, the fact may be taken as established and a verdict directed accordingly, is inapplicable where the witness is interested in the result of the suit, or facts are shown which might bias his testimony, or from which an inference might be drawn unfavorable to his testimony or against the fact testified to by him."

In a situation where the plaintiff seller of a car claimed retention of title under an oral contract, in the case of *Pugh* v. *Camp,* 213 Ark. 282, 210 S. W. 2d 120, we said, in reversing the trial court for directing a verdict for the defendant third party purchaser, at page 285: "So, here, while appellant's testimony, as above set out, was not disputed by any witness, his interest in the litigation is such that his testimony may not be regarded as undisputed, and a question of fact was made for the jury."

Appellee argues that the rule of the foregoing cases is not applicable because his testimony is supported by the conditional sales contract—that the introduction of this document made a *prima facie* case entitling him to a directed verdict in the absence of positive testimony contradicting it by appellant. *Johnson* v. *Ankrum,* 131 Ark. 557, 199 S. W. 897, and *Smith* v. *Ryan,* 175 Ark. 23, 298 S. W. 498, cited by appellee in support of this argument do not so hold. In both of those cases the action was against the makers of a note, and we held that the

introduction of the notes made a *prima facie* case for the plaintiffs, with the burden on the defendant makers to show their invalidity, on the respective grounds urged in defense—and that a jury question was made. In the instant case, the action is not against the vendee in the alleged conditional sales contract, but against a third party purchaser who contends there never was a valid contract of sale; that it was a subterfuge. In a determination of this question of fact, the challenged document itself adds nothing to the testimony of appellee which is considered as contradicted under our decisions.

Since the judgment must be reversed for the reason already discussed, we have not deemed it necessary to detail the testimony bearing on appellant's right to be subrogated to the lien of Universal Credit Company. It is sufficient to state that there was substantial testimony to support appellant's claim on this score.

The judgment is reversed and the cause remanded.