National Association for the Advancement of Colored People, Inc. v. State of Ark.

5-1593                                          319 S. W. 2d 33

Opinion delivered December 22, 1958.

[Rehearing denied January 19, 1959]

*George Howard, Jr.* of Pine Bluff, Ark. and *Robert L. Carter,* New York, N. Y., for appellant.

*Bruce Bennett, Atty. General & Roy Finch, Jr., Asst. Atty. General,* for appellee.

George Rose Smith, J. This is an action by the State, on the relation of the Attorney General, to collect corporate franchise taxes, in the amount of $50 a year, for the past seven years. The merits of the case were not reached in the court below, as the appellant refused to comply with an interlocutory order requiring the production of certain records and permitted judgment to be entered by default as a means of obtaining a review of the production order.

Four days after the complaint was filed the plaintiff attempted to secure information about the appel-

lant's activities in Arkansas by propounding interrogatories to the president of the Arkansas State Conference of NAACP Branches. The president refused to disclose a substantial part of the information requested, on the ground that it was privileged under the constitutional guaranties of free speech and assembly. The plaintiff then asked for an order directing the defendant to produce for inspection (1) records listing the names and addresses of the officers, agents, servants, employees, and representatives in Arkansas of the defendant and of its Arkansas Conference, (2) records listing similar information with respect to the defendant's local branches in Arkansas, (3) records, files, papers, correspondence, deposit slips, canceled checks, reports, and publications of the defendant and its Arkansas Conference, and (4) records listing the persons in Arkansas donating to the defendant and its Arkansas Conference during the past seven years, and the amount received from each.

This motion was resisted on the same ground of privilege. The defendant offered proof to show that if the identity of its officers and members were disclosed they might be subjected to harassment in the form of violence, bombing, the burning of crosses, anonymous telephone calls, and threatening letters. The court found that the requested information was not privileged and granted the plaintiff's motion for production, except that item (4) was modified to require only a statement of the total donations and contributions from Arkansas for the past seven years. As we have indicated, the defendant refused to comply with the order and permitted the entry of a default judgment. The court found that the refusal was not willful and denied the plaintiff's motion that the defendant be punished for contempt.

We need consider only the two points argued by the appellant in its brief, for it abandons other errors by failing to argue them. *Connell* v. *Robinson,* 217 Ark. 1, 228 S. W. 2d 475. It is first contended that the appellant's membership lists are privileged under the guar-

anties of freedom of speech and of assembly. *NAACP* v. *Alabama*, 357 U. S. 449. 2 L. Ed. 2d 1488, 78 S. Ct. 1163. In this particular case this contention is sufficiently answered by the fact that we do not construe the court's order as requiring the production of these lists. That information would doubtless have been available to the plaintiff had the court granted item (4) in the motion for production, for the names of persons donating or contributing to the appellant would have included the names of persons paying dues. But the court refused to order the disclosure of this information, which of course means that it was also excluded from the general language in the rest of the order. The State did not cross appeal from the court's refusal to order that the membership lists be produced.

Secondly, it is said that the plaintiff should have been required to show good cause for the production of the records. Ark. Stats. 1947, § 28-356. The record reflects, however, that the parties stipulated and orally agreed that the only issue on appeal would be whether the records are privileged. On the basis of this agreement the chancellor refused to impound the records pending appeal. Hence the appellant is not in a position to question the order on the ground now asserted.

Affirmed.