## CARROLL VS. WIGGINS.

1. CONDITIONAL SALE: *Property does not pass by until the condition is performed.*

> A sale and delivery of personal property on condition that the title is not to pass until the purchase price is paid, does not vest the title in the vendee until the condition is performed, and one who purchases the property from the vendee with notice, is bound by the condition.

APPEAL from *Ashley* Circuit Court.

Hon. J. T. ELLIOTT, Circuit Judge.

*Rose,* for the appellant.

ENGLISH, CH. J.:

John Carroll brought replevin before a Justice of the Peace of Ashley County against Mrs. Emma A. Wiggins for a horse, and by an order of delivery, obtained possession of the horse, and on a trial before the Justice recovered judgment. Mrs. Wiggins appealed to the Circuit Court, where the case was tried (January term, 1874,) before the court sitting as a jury, and judgment in her favor for a return of the horse, and for costs.

Carroll moved for a new trial, which was refused, and he took a bill of exceptions, setting out the evidence, and appealed to this court.

It does not appear from the bill of exceptions that the court ruled upon any question of law during the trial. We have therefore only to determine whether the appellant failed in any material matter to prove his title to the horse, and right to recover him of the appellee; in other words, whether there was any evidence to support the finding of the court.

The substance of the evidence is, that in January, 1873, Carroll being about to start on a journey, loaned his horse, saddle, blanket and bridle to Samuel B. Wiggins, the husband of appellee, who wanted the horse for his wife and daughter to ride, and agreed to keep him during the absence of Carroll. But before Carroll started on his journey, he agreed with Samuel B. Wiggins to sell him the horse for lumber to be delivered by a time named. The title to the horse was by the agreement, to remain in Carroll, and not to vest in Wiggins until the lumber was delivered. Carroll took from Wiggins a written promise to deliver the lumber in payment of the horse, etc. The saddle, blanket and bridle were stolen from Wiggins. Wiggins died

before he delivered any of the lumber, and it was not delivered after his death.

The horse was sold by the administrator of Wiggins, under an order of the Probate Court procured for the sale of his personal property, and purchased at the sale for appellee, who paid the administrator the bid.

There is evidence that both the appellee and administrator of Wiggins had notice of the terms on which he purchased the horse of Carroll, and that the lumber had not been delivered. In fact, it appears that appellee wished to have the lumber sawed and delivered to Carroll to pay for the horse, after the death of her husband, in order that she might keep the horse, but she was directed not to do so by the administrator.

There seems to be no conflict in the evidence that Carroll made a conditional sale of the horse to Wiggins; that appellee had notice of the terms of the sale, and that at the time she purchased the horse, Carroll had not been paid for him.

Where the sale is conditional, and the seller retains some special claim on the goods, the allowing the vendee to take them is not considered as an absolute surrender of possession by the vendor, so as to pass the title to the vendee until the condition is performed, except as to *bona fide* purchasers for a valuable consideration, without notice; as against all other persons the vendee is considered as only holding the goods in trust for the vendor. Story on Sales, sec. 400.

Delivery may be conditional, and in such case the property does not vest in the buyer unless the condition be performed. But as to subsequent *bona fide* purchasers, etc., of the vendee, the case may be different. 2 Story on Cont., sec. 804. We think the case before us, as made by the evidence, comes within this rule, and that the finding of the court is without evidence to support it, and that the court erred in overruling the motion for a new trial.

Reversed, and remanded for a new trial.