--------o--------

JOHN WILLIAMS v. TIMOTHY BRESNAHAN AND WILLIAM
GRAHAM.

*Replevin—Appraisal—Value of property—Waiver of return.*

1. The appraisal in a replevin suit is *prima facie* evidence of the value
   of the property, but to have that effect it must be offered in evi-
   dence.
2. It is error to render a judgment for the value of the property in
   favor of a defendant in replevin who has only a *special* interest
   therein by virtue of its seizure on legal process.

Error to Muskegon. (Russell, J.) Argued June 15, 1887.
Decided July 7, 1887.

Replevin. Plaintiff brings error. Reversed. The facts
are stated in the opinion.

*Clink & Jones*, for appellant.

*Nelson DeLong*, for defendants.

SHERWOOD, J. This is an action of replevin brought to
recover possession of certa n saloon fixtures.

The plaintiff had a chattel mortgage on the property dated
August 2, 1886, executed by one Marston, and filed on the
same day.

John Fitzgerald held a mortgage on the same property,

executed also by Marston on the first day of June, 1886, which was not filed until the fourth day of August following.

Each of these mortgages contained a provision that in case the mortgagor sold, assigned, or attempted to sell or assign, the mortgaged property, the mortgagee might take possesssion of the property, or any part thereof, and hold the same at the risk and expense of the owner until the money for which the mortgage was given became due, and then dispose of the same at public auction, as is provided for sales by constables.

It is claimed that Williams had no notice of the Fitzgerald mortgage until it was filed on the fourth of August, as before stated.

Subsequent to the filing of both these mortgages, Marston sold the property mortgaged to one Joseph H. Pero, in whose possession it was on the eleventh day of November, 1886. Upon the last-named day John Fitzgerald, because of the sale to Pero, claimed the right to take possession of the property under his mortgage, and demanded possession of the same of Pero, who refused to deliver it up; whereupon Fitzgerald brought replevin in the circuit court for the county of Muskegon. The writ was served by Graham, defendant, who was deputy-sheriff, and the other defendant being sheriff. The suit was commenced on the eleventh day of November, and the writ was served and property taken thereon, and the property duly appraised, the same day. The plaintiff in the writ had also given a bond to the sheriff to obtain possession of the property, but, before the sheriff could turn it over to the plaintiff, the plaintiff in this suit, claiming to be entitled to the possession of the same, brought replevin against the defendants in this case, the coroner serving the writ.

The suit was tried before Judge Russell, by jury, at the close of which the judge directed the jury to return a verdict for the defendants for the value of the property, they having

waived a return of the same; and, there being no evidence of the value of the property before the jury at that time, the court allowed a statement of the appraisal of its value on file to go to the jury, and they then returned a verdict, assessing the value of the goods at the sum of $149.50, and judgment was entered accordingly. The plaintiff brings error.

The facts above stated appeared in the testimony upon the trial, with some others not now important to notice. The defendants were, upon the facts, entitled to judgment, but not such a judgment as they obtained in the case. The evidence of the value of the property, if the defendants had been entitled to take judgment for its value, I hardly think sufficient. It is true the appraisal made and returned by the defendants was *prima facie* evidence against them of the value of the property (*Sanborn v. Baker*, 1 Allen, 526; *Kafer v. Harlow*, 5 Id. 348; *Worthington v. Hanna*, 23 Mich. 530; *Hunt v. Strew*, 33 Id. 85; *Walrath v. Campbell*, 28 Id. 111); but it is difficult to say that what was done in this case was an offer of the appraisal in evidence.

The following is what occurred before the court upon the subject:

*By Counsel for Plaintiff.* "I now ask the court to instruct the jury that there is no testimony in this case from which they can find the value of this property."

*Mr. DeLong, Attorney for Defendants.* "I will see if that appraisement was under oath. I think it was."

*By the Court.* "If it was, that is some testimony." [The appraisement of the property replevied in this suit was attached to the writ, was made by the appraisers under oath, and was in due form.]

*Mr. Clink, Counsel for Plaintiff.* "Give me an exception."

This is all the offer that was made by the defendants' counsel to show value. The court, however, told the jury to fix the value according to the appraisal, which was $149.50. There is no evidence that the plaintiff took his mortgage without notice of the Fitzgerald mortgage, and in good faith,

unless the following erased clause in the plaintiff's mortgage contained what should have been regarded with suspicion, and led him to make further inquiry. This clause reads, " And are free and clear from all liens, conveyances, incumbrances, and levies." The words are contained in the printed form.

Whether or not this erasure was sufficient to put the plaintiff on inquiry it is not now necessary to determine. This fact, however, with the other circumstances in the case bearing upon that subject, might have been very properly submitted to the jury.

We are asked to construe the statute of replevin (chapter 288, How. Stat.), as to whether or not, under the facts contained in the record, replevin will lie at the suit of this plaintiff against the sheriff and his deputy. This we do not feel called upon to do, inasmuch as the judgment cannot be sustained upon another point, and the facts, when more fully developed upon a second trial, may entirely eliminate the question from the case.

It is placed beyond question by the record that the defendants had no more than a special interest in the property sought to be recovered, and only held the same in their official capacity when it was taken from them; and the court, when he allowed them to recover, directed it should be for the value of the property instead of the amount of that special interest. This was error, for which the judgment must be reversed.

There was no finding in the verdict or judgment of the amount of the defendants' lien upon the property, and there was a claim of about $60 made against the amount the party represented by the defendants sought to recover. The action of the court upon this subject was not according to the statute. See How. Stat. § 8342; *Kohl v. Lynn*, 34 Mich. 360; *Farmers' L. & T. Co. v. St. Clair*, Id. 518; *Chadwick v.*

*Broadwell,* 27 Id. 6; *Weber v. Henry,* 61 Id. 399; *Fowler v. Hoffman,* 31 Id. 215; *Alderman v. Manchester,* 49 Id. 48.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.