BARNETT BROTHERS MERCANTILE COMPANY *v.* JARRETT.

Opinion delivered April 1, 1918.

1. CHATTEL MORTGAGES—CONVERSION—ACTION IN TROVER.—An action of trover is appropriate to be pursued by the holder of a chattel mortgage against a third person who has converted the mortgaged chattel.

2. CONVERSION—DEFINITION—SUFFICIENCY OF COMPLAINT—MORTGAGED CHATTEL.—To convert personal property means to appropriate or to apply it to a given use; a statement in a complaint that appellee had taken certain chattels, subject to mortgage, and converted it to his own use held to mean that appellee had wrongfully appropriated it to his own use.

3. CHATTEL MORTGAGES—CONVERSION.—Where a third person takes and appropriates mortgaged property in disregard of the rights of the mortgagee, a cause of action arises as for a conversion.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; reversed.

*Chas. F. Cole,* for appellant.

The court erred in sustaining the demurrer. The mortgagee can sue at law in replevin, foreclose in chancery or bring action for conversion. 97 Ark. 434; 11 C. J. 592; 5 R. C. L., § 108, p. 473. Appellant elected to sue for conversion. The complaint stated a good cause of

action. Actual and wrongful conversion was proven as alleged and damages alleged. 38 Cyc. 2071.

The appellee, *pro se.*

The complaint is defective. No wrongful conversion or demand was alleged, nor that the lien was destroyed or damages had arisen by acts of appellee. 2 Ark. 414, 512; 3 *Id.* 127; 19 L. R. A. (N. S.) 910.

McCULLOCH, C. J. This is an action instituted by appellant against appellee to recover damages for alleged conversion of certain personal property. It is alleged in the complaint that one S. M. Bishop, the original owner of the property in controversy (two mares) mortgaged the same to appellant to secure a debt alleged to be due and still unpaid at the commencement of the action, and that Bishop had left the county and State, and that appellee had taken possession of the property and converted same to his own use. The value of the property in controversy is alleged to be $350.00 and the debt secured by the mortgage is stated to be $187.12, the prayer of the complaint being for recovery of the amount of the debt. The court sustained a demurrer to the complaint and on refusal of appellant to plead further rendered judgment dismissing the complaint. The ruling of the court in sustaining the demurrer is defended on the grounds that the complaint does not allege that the property was wrongfully taken by appellee or that there had been a demand for the return of the property to appellant, or that the lien had been destroyed by the alleged conversion, or that any damage had been caused by a conversion of this particular property. The language of the complaint is in part as follows:

"That heretofore the said S. M. Bishop has left the county and State, and gone to parts unknown to the plaintiff, and the defendant herein has taken possession of the above described property and converted same to his own use. That said property is reasonably worth the sum of $300.00 or $350.00, being in excess of the debt owing to this plaintiff, secured by a lien on said property.

"That by reason of the fact that defendant has taken possession of said property, and converted same to his own use, he is liable to the plaintiff for the amount of its debt against said property, towit: $187.12."

(1) It is conceded that the action of trover is an appropriate one to be pursued by the holder of a chattel mortgage against a third person who has converted the mortgaged chattel. *Thornton* v. *Findley,* 97 Ark. 432.

(2-3) The language of the complaint was, we think, sufficient to charge a conversion within the legal meaning of that term. It is not specifically alleged that the taking of the property was wrongful, but that is understood inferentially from the language of the complaint, which states in substance that the mortgagor has left the State and that appellee has taken possession of the mortgaged property and converted same to his own use. To convert personal property means to appropriate or to apply it to a given use, and the statement that appellee had taken the property and converted it to his own use necessarily meant that he had wrongfully appropriated it to his own use. That is sufficient to create a cause of action in favor of a mortgagee of the chattel alleged to have been converted. 11 Corpus Juris, page 592. "The wrongful assumption or dominion over property of another in subversion and denial of his rights, constitutes a conversion of such property, irrespective of whether there was a demand made for the surrender and refusal to surrender said property." *Woods* v. *Rose,* 135 Ala. 297. Such is the rule with respect to the rights of the holder of a chattel mortgage. Where the taking and appropriation by a third person was in disregard of the rights of the mortgagee the cause of action arises as for a conversion. If appellee held the property merely as bailee of the mortgagor, and not in hostility to the rights of the mortgagee, this may be proved as a defense to the action upon denial of the charge of wrongful taking and conversion, which we think the allegations of the complaint are sufficient to charge. The allegations were sufficient also to set forth the damage sustained.

The circuit court erred in sustaining the demurrer, and the judgment will, therefore, be reversed and the cause remanded with directions to overrule the demurrer, and it is so ordered.