WRIGHT MOTOR COMPANY v. SHAW.

Opinion delivered October 4, 1926.

1. JUSTICES OF THE PEACE—DUTY OF APPELLANT.—One appealing a case from a magistrate's court should be present when the case is called for trial in the circuit court.

2. PLEADING—AMBIGUOUS COMPLAINT—MOTION TO MAKE DEFINITE.—Where a complaint was ambiguous as to whether the action was for conversion of an automobile or on purchase-money notes, the defendant should raise the question by a motion to make the complaint more definite and certain.

3. SALES—SUFFICIENCY OF EVIDENCE.—Evidence *held* to support judgment for the seller of an automobile on a conditional contract against the buyer's transferee, either on the theory of a conversion or of the assumption of payment of the purchase-money notes.

4. SALES—REMEDIES AGAINST THIRD PERSON—AMOUNT OF DAMAGES.—Where an automobile sold on a conditional contract was worth more than the amount due on the purchase-money notes and interest, *held* that the face of the notes with interest was the measure of the seller's damages for conversion of the automobile, in an action against the buyer's transferee.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*Wills & Strangways,* for appellant.

*S. M. Bone,* for appellee.

HUMPHREYS, J. Appellee instituted this suit against appellant and G. H. Briggs before R. B. Evans, a justice

of the peace in and for Ruddell Township, in Independence County, upon the following complaint, omitting the caption and signature:

"Comes the plaintiff, and for its cause of action against the defendant says:

"That plaintiff, on the 24th day of July, 1923, sold and delivered to the defendant, G. H. Briggs, one Star automobile; that said sale was made upon a conditional contract in writing in the form of promissory notes issued and signed by said defendants, for the purchase price of same remaining unpaid, consisting of four notes of $58 each, with interest from maturity at 10 per cent. per annum; that defendant paid two of said notes, but has failed and refused to pay the other two, which are now past due and unpaid.

"Copies of said notes are attached and filed herewith and made a part hereof, marked Exhibits A and B.

"That plaintiff retained title to said car, but that the defendant, G. H. Briggs, removed said car from this county without paying balance due on same, as above stated, and delivered same to the Wright Motor Company of North Little Rock, Arkansas, in Pulaski County; that said Wright Motor Company has wrongfully converted said car to its own use, and has thus become liable to plaintiffs for the balance due on same by the said G. H. Briggs.

"That there is now due plaintiff on said notes as balance on purchase price of said car the sum of $130.95.

"Wherefore plaintiff prays judgment against the defendants for said sum of $130.95, together with interest at 10 per cent., for all costs, and such further relief as may to the court seem proper."

Service was obtained and judgment rendered by default against appellant and Briggs for $131, from which an appeal was duly prosecuted by both defendants to the circuit court of said county.

On the second day after the circuit court convened, the cause was called up and tried upon the pleadings and testimony, in the absence of the appellant, resulting in a

finding by the court that appellant agreed and undertook with defendant, G. H. Briggs, that it would assume and pay the amount of the note sued upon, and a rendition of judgment against appellant and Briggs for $132.45, with interest from date at the rate of 10 per cent. per annum until paid, together with all costs in the case, from which appellant has duly prosecuted an appeal to this court. Two days after the rendition of the judgment aforesaid, and prior to this appeal, appellant filed a motion to set the judgment aside, and requested a new trial upon two grounds:

First, that the case was set down on the second day of the term without notice to appellant; and

Second, that it did not indorse or assume the payment of the notes upon which it alleged the suit was based.

The court overruled the motion, to which ruling appellant duly objected and excepted.

Appellant did not bring itself by allegation or proof within any of the statutory grounds to set the judgment aside and obtain a new trial. Appellant itself had appealed the case from the magistrate's court, and the duty rested upon it to be present when the case was called for trial in the circuit court.

The main contention of appellant, however, for a reversal of the judgment is that the allegations in the complaint, and the testimony adduced, are insufficient to support the verdict and judgment. It is contended that the suit is upon the debt, and not for a conversion of the automobile, and that there was no evidence whatever tending to show that it had assumed or agreed to pay the notes.

It is true that, if the suit was upon notes that this appellant did not assume or agree to pay, and not for a conversion of the automobile, then there could have been no recovery against appellant. By referring to the complaint it will be seen that an ambiguity exists as to whether the suit was upon the notes or for a conversion of the automobile. In view of the ambiguity it was the

appellant's duty to raise the question by a plea, which it failed to do. Had it been present and filed a motion to make the complaint more definite and certain, this ambiguity would have been eliminated.

G. H. Briggs testified that he sold the automobile in question to appellant for $350 in exchange for a new car, and that it removed the car out of the county; that he had never seen it after he had made the trade; that he informed it of the existence of the two unpaid purchase notes and of the vendor's lien upon the automobile to secure same when he made the trade, and that he traded upon condition that it would stand between him and the payment of the notes, taking the automobile subject to the notes.

We think this testimony sufficient to support a judgment, either upon the theory that appellant assumed the payment of the notes in trade, or that it converted the automobile to its own use.

Appellant argues that the evidence is insufficient to support the judgment upon the theory of a conversion of the automobile, because proof was not introduced showing the amount of damage sustained by reason of the conversion of the automobile.

It appears that the automobile was worth $350 for trading purposes, which largely exceeded the amount due appellee upon the purchase money notes, so appellee would have been entitled to recover the full amount of the notes and interest out of the value of the automobile had it not been converted. By the conversion of the automobile it was prevented from doing it, so that the face of the notes and the interest thereon was the measure of its damage. As stated above, however, the evidence was sufficient to sustain the judgment upon the theory that appellant assumed the payment of the notes. This seems to have been the theory upon which the court rendered judgment.

No error appearing, the judgment is affirmed.