J. L. HUDSON CO. *v.* BARNETT.

1. Replevin—New Trial—Liability of Surety.
    Where plaintiff in replevin was forced to accept judgment for return of goods or submit to directed verdict against it, court had power to grant plaintiff's motion for new trial as against contention of surety on defendant's replevin bond that its liability was fixed by said judgment.

2. New Trial—Discretion of Court.
    Trial judge has wide discretion in granting or refusing new trial, either upon his own motion or that of parties.

3. Judgment—Coercion—Consent.
    Judgment brought about by coercion is not one by consent.

4. New Trial—Vacating Consent Judgment.
    Court has power to vacate judgment, on good cause shown, whether entered into by consent or not.

5. Same—Abuse of Discretion.
    Granting plaintiff's motion for new trial was not abuse of discretion, where plaintiff in replevin was forced to accept judgment for return of goods or submit to directed verdict against it.

6. Replevin—New Trial—Notice to Surety.
    Surety on defendant's replevin bond, not a party to the action, was not entitled to notice of plaintiff's motion for new trial.

7. Same—Surety on Bond Not Party.
    Surety on defendant's replevin bond is not a party to replevin action and has no control over it.

8. Same—Surety Not Released by Irregularities.
    Liability of surety on defendant's replevin bond becomes fixed when judgment is rendered against defendant, and surety is not released by irregularities in the litigation.

9. Same—Liability of Surety After Judgment.
    Surety on defendant's replevin bond may not escape its liability after judgment has rightfully been entered against defendant.

As to effect upon surety of judgment against principal, see annotation in 40 L. R. A. (N. S.) 746; L. R. A. 1918 E, 814.

As to elements of damages recoverable in action on replevin bond, see annotation in 28 L. R. A. (N. S.) 12; 30 L. R. A. (N. S.) 367.

10. SAME—DAMAGES—DEPRECIATION OF GOODS.

Either party in replevin action has right to show amount of depreciation of goods.

11. SAME—MEASURE OF DAMAGES.

Measure of damages in replevin action, where there is no return of property, is its value at time of conversion, plus interest.

12. SAME.

Measure of damages in replevin action is unpaid balance, where value is not otherwise determined, and value is greater than said balance.

13. SAME—SHERIFF'S APPRAISAL AS EVIDENCE OF VALUE.

Sheriff's appraisal is *prima facie* evidence of value of goods replevied, but is not conclusive.

14. SAME—DAMAGES.

In replevin action, where sheriff's appraisal was less than amount due on contract, jury had right to find for plaintiff amount not less than value set by said appraisal, nor more than balance due on contract, plus interest.

15. SAME—EVIDENCE OF VALUE.

In replevin action, plaintiff could show that property was worth more than value set by sheriff's appraisal, and could introduce contract to show balance due thereon, with interest.

16. SAME—DEFENDANT HAD RIGHT TO SHOW REAL VALUE AT TIME OF CONVERSION.

In replevin action, defendant had right to show any facts in regard to depreciation, and introduce other evidence of real value of property at time of conversion.

Error to Wayne; Brennan (Vincent M.), J. Submitted June 9, 1931. (Docket No. 134, Calendar No. 35,597.) Decided October 5, 1931. Rehearing denied December 8, 1931.

Replevin by the J. L. Hudson Company, a Michigan corporation, against Louis Barnett to recover carpets. Detroit Fidelity & Surety Company, surety on replevin bond, intervened after judgment. Judgment for plaintiff. Defendants bring error. Affirmed.

*Bernard A. Clark,* for plaintiff.

*Samuel J. Rhodes* (*Edward T. Kelley,* of counsel), for defendant.

*Monaghan, Crowley, Reilley & Kellogg,* for intervener.

Butzel, C. J.   J. L. Hudson Company, a Michigan corporation, plaintiff herein, sold to Louis Barnett, defendant, carpets for an apartment house.   The parties entered into a title retention contract, the price of the property being fixed at $8,005.89, of which approximately one-fourth was to be paid in cash and the balance in equal monthly installments of $332.06 over a period of 18 months.   There was included in the purchase price the sum of $376.48 for drilling holes to fasten the carpets to the floor, and $36.46 for insurance.   After Barnett paid $2,486.24 on the purchase price and reduced the balance due to $5,526.26, he defaulted in his payments, and plaintiff brought replevin proceedings. To retain possession of the carpets, Barnett executed a replevin bond, with the Detroit Fidelity & Surety Company, defendant, as surety in the amount of $7,100, twice the amount of the appraised value of the carpets.

At the trial of the case prior to the present one, upon the close of plaintiff's testimony, defendant moved for a directed verdict, claiming that a sufficient demand for the return of the property had not been made.   Thereupon, the trial judge indicated that he would direct a verdict in defendant's favor.   A colloquy between counsel then took place, but it was not recorded by the court stenographer. Defendant's attorney claims that he stated that if plaintiff took back the property, it could obtain be-

tween $4,000 and $4,500 from the trustee under the mortgage. Under the circumstances, a judgment was taken, without any contest, in favor of plaintiff for the return of the carpets.

Within proper time, plaintiff made a motion for a new trial and it was granted. On the second trial, at the close of plaintiff's case, defendant again moved for a directed verdict. This was denied. The question of demand was one of the questions determined by the jury. Plaintiff waived the return of the property and the jury rendered a verdict in its favor against defendant in the sum of $6,350, approximately the balance due with interest on the contract. The evidence in the record with respect to the value of the goods at the time they were replevied is meagre, and consists of contract showing the balance due, the sheriff's appraisal of the property at $3,550, and the fact that the goods were delivered between April 26, 1926, and November 15, 1926, so that they were in defendant's possession from four to eleven months, or an average of 7½ months prior to the demand for their return. Defendant Detroit Fidelity & Surety Company, surety on the bond, has intervened. Error is claimed, and particularly stressed by the surety, that the judgment for the return of the goods in the first trial fixed the liability of the Surety company; that plaintiff at that time made an election which it could not later repudiate; that the court had no right to set aside a judgment and grant a new trial on plaintiff's claim that it consented to such judgment on account of an erroneous apprehension of the facts and law. Plaintiff's counsel was forced into the position of taking a judgment for the return of the goods by the statement of the trial judge of his intention otherwise to direct a

verdict against it. The rule in this State is that the judge has a wide discretion in either granting or refusing a new trial, either upon his own motion or that of the parties. *Reynolds* v. *Newaygo Circuit Judge,* 109 Mich. 403; *Zeilman* v. *Fry,* 213 Mich. 504, 510; *Decker* v. *Fair,* 222 Mich. 507, 509; *Barden* v. *A. Heller Sawdust Co.,* 240 Mich. 549, 552. A judgment brought about by coercion is not one by consent. The court has the power to open or vacate a judgment upon good cause shown whether entered into by consent or not. The power of the court is discretionary and there was no abuse of discretion in the case at bar. *Alspaugh* v. *Circuit Judge,* 126 Mich. 67; *Stockley* v. *Stockley,* 93 Mich. 307, 313.

Defendant Surety company further claims that defendant's liability became fixed upon the rendition of the first judgment and could not be thereafter changed or enlarged, and under no circumstances without special notice to the Surety company. The latter was first joined as party defendant after the rendition of the second judgment against Barnett, and was not entitled to any notice until it became a party to the suit. A surety on a replevin bond is not a party to an action in replevin and has no control over it. *Lindner* v. *Brock,* 40 Mich. 618. Its liability becomes fixed when a judgment is rendered against the principal. *Wright* v. *Hake,* 38 Mich. 525. A surety is not released from liability by irregularities in the litigation. *Dudley* v. *Conely,* 125 Mich. 300. The surety agreed to "pay the said plaintiff all such sums of money as may be recovered by said plaintiff" in a replevin action, and it cannot escape its liability after a judgment has been rightfully entered. *Sauer* v.

*Detroit Fidelity & Surety Co.,* 237 Mich. 697 (51 A. L. R. 1485).

The difficult question in the case, however, is whether the judgment was for the correct amount. This is due largely to a lack of testimony in regard to the value of the goods. Either party had the right to show the amount of depreciation of the goods. The measure of damages in a replevin suit where there is no return of the property is the value at the time of the conversion, plus interest. *Hanselman* v. *Kegel,* 60 Mich. 540. The unpaid balance is the measure of damages where the value is not otherwise determined and the value is greater than such balance. *Johnston* v. *Whittemore,* 27 Mich. 463. The measure of damages in such a case is the amount of the price unpaid, not, however, exceeding the value of the goods. *Lacey* v. *Railway Co.,* 70 Mont. 346 (225 Pac. 808, 38 A. L. R. 1331); *Dasher* v. *International Harvester Co.,* 42 Ga. App. 130 (155 S. E. 211); *Reed* v. *Rowell,* 100 Vt. 41 (134 Atl. 641); *Winton Motor Carriage Co.* v. *Blomberg,* 84 Wash. 451 (147 Pac. 21); *Wright Motor Co.* v. *Shaw,* 171 Ark. 935 (287 S. W. 177). It is also true that the appraisal of the sheriff is *prima facie* evidence of value, but is by no means conclusive. *Walrath* v. *Campbell,* 28 Mich. 111; *Worthington* v. *Hanna,* 23 Mich. 530; *Williams* v. *Bresnahan,* 66 Mich. 634; *Mueller* v. *Provo,* 80 Mich. 475 (20 Am. St. Rep. 525); *Hunt* v. *Strew,* 33 Mich. 85.

The judge charged the jury that they should take into consideration the original cost, and also the appraised value, the depreciation as indicated by the time they were in the apartments, and the use made of them, and to ascertain the fair, actual value at the time of the conversion. The jury had the right to find an amount within the evidence which was not less than the value set by the appraisal of

the sheriff, nor more than the balance due on the contract, plus interest. Plaintiff had the right, if it cared, to show that the property was worth more than the appraisal of the sheriff, and to introduce the contract and to show the balance due thereon, with interest. Defendant had the right to show any facts in regard to depreciation and introduce other evidence of the real value of the property at the time of the conversion.

The verdict of the jury was supported by the testimony. Judgment is affirmed, with costs.

Wiest, Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.