UNITED STORE FIXTURE CO. *v.* GRUBIAK.

1. REPLEVIN—POSSESSION OF GOODS SOLD UNDER A TITLE-RETAINING CONTRACT.

Replevin *held,* proper remedy of plaintiff seller of fixtures under an executory, title-retaining contract where defendant purchaser was admittedly in default in making payment according to the terms thereof, notwithstanding plaintiff claims defendant refused to accept balance provided for in the contract and such claim is denied by defendant.

2. SAME—DEMAND—QUESTION FOR JURY.

On appeal from verdict and judgment for plaintiff in action of replevin, Supreme Court is bound by jury's finding on question submitted to it of whether plaintiff made a demand and defendant a refusal to surrender the equipment, where defendant included no testimony in the settled record.

3. SAME—WAIVER OF RETURN OF GOODS.

A plaintiff in an action of replevin may waive return of the property and take judgment for the value of the property replevied (3 Comp. Laws 1929, § 14844).

4. SAME—TITLE-RETAINING CONTRACT—GOODS NOT DELIVERED TO DEFENDANT.

Plaintiff in action of replevin, who sought judgment for value of goods sold defendant under a title-retaining contract, *held,* not entitled to recover for equipment which it claims he refused to accept, as replevin lies only when goods or chattels have been unlawfully taken or unlawfully detained (3 Comp. Laws 1929, § 14815).

5. SAME—POSSESSION AT TIME ACTION INSTITUTED.

Goods not in defendant's possession at time of the institution of action may not be recovered in replevin nor may their value be recovered in such action.

6. Same—Waiver of Return—Undelivered Property—Erroneous Verdict.

> Verdict in action of replevin in which plaintiff waived return of the property and sought judgment for value of the property it had sold defendant under a title-retaining contract *held*, erroneous where it failed to credit defendant with the value of the undelivered property claimed to have been sold defendant and in using the unpaid balance of the entire purchase price as the measure of damages for the lesser portion of the property represented by that price.

7. Same—Measure of Damages—Unpaid Balance.

> Where plaintiff had sold a quantity of fixtures to defendant under a title-retaining contract but delivery had not been made of a portion of them, the measure of damages in action of replevin upon waiver of return of the property, when not otherwise determined, is the amount of the price unpaid upon the property which the defendant has received, not exceeding the value of such property; not the entire purchase price of the property sold, including property received as well as property not delivered to defendant.

8. Same—Waiver of Return—Form of Verdict—Assessment of Value.

> In action of replevin in which return of the property was waived, general verdict of jury in favor of plaintiff which was not, in form, an assessment of value of the property at the time of conversion *held*, not objectionable as to form, since in replevin where value is not otherwise determined and the verdict corresponds to the unpaid purchase price of the property withheld by defendant, not exceeding the value thereof, such verdict arrives at same result as an assessment of the value of the property.

Appeal from Wayne; Nicol (Henry G.), J. Submitted October 12, 1938. (Docket No. 59, Calendar No. 40,234.) Decided March 9, 1939. Rehearing denied April 25, 1939.

Replevin by United Store Fixture Company, Inc., a Michigan corporation, against Steve Grubiak and John Doe for possession of personal property. Verdict and judgment for plaintiff. Defendant Grubiak appeals. Reversed and new trial granted.

*Leonard V. Pylkas,* for plaintiff.

*Isaac M. Smullin* and *Walter M. Nelson,* for defendant.

McALLISTER, J.   Plaintiff sold fixtures to defendant on a title-retaining contract which provided that, upon default in payments by defendant, plaintiff had the right to enter upon the premises and retake the property.

After most of the fixtures had been delivered to defendant, plaintiff claims that defendant refused to take the balance provided for in the contract and refused to make payment in accordance therewith. Defendant alleged that plaintiff had been guilty of fraudulent representations and that he was damaged thereby in the amount of $3,000. Defendant further claims that no demand was ever made upon him by plaintiff for return of the property.

There is no question but that defendant did not pay according to the terms of the contract. The court submitted to the jury the question of whether a demand had been made by plaintiff. A verdict was rendered in favor of plaintiff, upon which judgment was entered. Defendant appeals, claiming that the court erred in refusing to rule that plaintiff, in order to maintain its action of replevin, must prove performance by it of the executory contract; that there was no wrongful taking or detention of the property by defendant; that the court erred in permitting plaintiff to waive its right to possession; that the court erred in permitting plaintiff to recover a money judgment as general damages instead of the judgment for the value of the goods at the time of the alleged detention; and that it was error to receive a general verdict.

It was not error for the court to refuse to instruct the jury that plaintiff could recover only on proof of

its performance of the executory contract. Defendant was admittedly in default in the payments. Plaintiff claims that defendant refused to accept the balance of the equipment; to which claim defendant made denial. Title was in plaintiff and, by the terms of its contract, it was entitled to possession on default. On refusal of the defendant to permit plaintiff to retake possession, replevin was a proper remedy.

With regard to whether there was a demand made by plaintiff and a refusal of defendant to surrender the equipment, we are bound by the verdict and judgment for the reason that defendant included no testimony in the settled record. It appears, however, that this question was submitted to the jury.

On the trial, plaintiff waived return of the property and sought a judgment for its value. This was its right under 3 Comp. Laws 1929, § 14844 (Stat. Ann. § 27.1842), which provides:

"Whenever the plaintiff or defendant shall be entitled to a return or surrender of the property replevied, instead of taking judgment for such return or surrender as above provided, he may take judgment for the value of the property replevied."

However, the case must be reversed for manifest error in the amount of the judgment.

Plaintiff relies upon the case of *J. L. Hudson Co.* v. *Barnett,* 255 Mich. 465, in which this court said:

"The difficult question in the case, however, is whether the judgment was for the correct amount. This is due largely to a lack of testimony in regard to the value of the goods. Either party had the right to show the amount of depreciation of the goods. The measure of damages in a replevin suit where there is no return of the property is the value at the time of the conversion, plus interest. *Hanselman* v.

*Kegel,* 60 Mich. 540.   The unpaid balance is 'the measure of damages where the value is not otherwise determined and the value is greater than such balance.   *Johnston* v. *Whittemore,* 27 Mich. 463. The measure of damages in such a case is the amount of the price unpaid, not, however, exceeding the value of the goods.   *Lacey* v. *Railway Co.,* 70 Mont. 346 (225 Pac. 808, 38 A. L. R. 1331); *Dasher* v. *International Harvester Co.,* 42 Ga. App. 130 (155 S. E. 211); *Reed* v. *Rowell,* 100 Vt. 41 (134 Atl. 641); *Winton Motor Carriage Co.* v. *Blomberg,* 84 Wash. 451 (147 Pac. 21); *Wright Motor Co.* v. *Shaw,* 171 Ark. 935 (287 S. W. 177)."

In the instant case, the facts are not the same as in the *Hudson Case.*   The declaration alleges that the defendant agreed to pay $2,060 for the property specified, and sets up the contract, so providing, as part thereof.   On the date on which the sale contract was executed, as far as appears from the record, defendant sold plaintiff the old fixtures in the store for the sum of $294.50.   The record is scanty on the nature of this transaction, as the case is before us with no transcript of testimony.   Plaintiff claims, however, that the price of the property to be sold to defendant was $2,294, and that the sale by defendant of the old fixtures at $294.50 was in the nature of a down payment or part of the purchase price; that the written contract was executed after such understanding, providing for a sale price of $2,060 after giving defendant credit for the old fixtures.   Defendant claims that the purchase price of the new fixtures was $2,060; that the sale of the old fixtures was subsequent to the written contract, and that defendant should be allowed a credit of $294.50 on the purchase price as set forth in such contract.

Assuming plaintiff's claim to be correct for the purpose of our determination, defendant was en-

titled to a credit of $294.50 upon the amount of $2294, claimed as the original purchase price by plaintiff, leaving a balance of $1,999.50, to be paid by defendant. Upon this amount defendant paid $560 leaving a balance under the contract of $1,439.50. But it is admitted by plaintiff that equipment specified in the contract of the value of $487 was not delivered to defendant, it being alleged that defendant refused to accept it. Plaintiff could not recover for this equipment in replevin, although he claims that he was holding it for defendant. Replevin, by 3 Comp. Laws 1929, § 14815 (Stat. Ann. § 27.1813), lies only when goods or chattels have been unlawfully taken or unlawfully detained. It will not lie unless there was an unlawful taking or detention. *LeDuc* v. *Beechler*, 252 Mich. 633. The gist of the action of replevin is an unlawful taking or detention at the time of the institution of the suit. Plaintiff elected to take judgment for the value of the property. Such judgment may be taken only for goods in defendants' possession at the time suit was brought. *Hinchman* v. *Doak*, 48 Mich. 168. Goods not in defendants' possession at the time of the institution of suit may not be recovered in replevin and their value may not be recovered in such action. *Reid, Murdoch & Co.* v. *Parks*, 122 Mich. 363. Instructions and a verdict permitting a recovery in replevin for property which had not been received by defendant would be error.

The jury, however, in a colloquy with the court at the time the verdict was rendered, stated that it did not include in its verdict in favor of plaintiff any damages for the property in plaintiff's hands which had not been delivered to defendant. But the fatal error was in not crediting defendant on the contract purchase price with the value of the undelivered

property; and in using the unpaid balance of the entire purchase price as the measure of damages for the lesser portion of the property represented by that price.   Defendant, therefore, at the time of replevin, was holding property worth $2294, less $487 (the value of the undelivered equipment), or property worth $1,707; upon which he was entitled to credit for $560 paid in cash, and $294.50 which plaintiff had allowed on the old equipment; or a total credit of $854.50.   The unpaid balance of the purchase price of the property held by defendant at the time of replevin would therefore be $852.50.   Under defendant's claim that he was entitled to the deduction of $294.50 from the price in the written contract rather than from the price as alleged in a prior agreement, the unpaid balance on the property held by defendant at the time of replevin would be $558. The verdict was in the amount of $1,382.68.   Under the theory of either plaintiff or defendant, such verdict was manifest error.

The distinction between *J. L. Hudson Co.* v. *Barnett, supra,* and the instant case is that, in the *Hudson Case,* all of the property represented by the purchase price had been delivered to defendant. Since the value of the property was not otherwise determined, the measure of damages was held to be the amount of the purchase price unpaid, not, however, exceeding the value of the goods.   In the instant case, part of the goods was not delivered.   In such a case, if the value be not otherwise determined, the measure of damages is the amount of the price unpaid *upon the property which the defendant in replevin has received,* not exceeding the value of such property.   The measure of damages in such a case is not the amount of the entire purchase price of the

property sold in the contract, including the property received by defendant in replevin as well as property not delivered to him.

Complaint is made of the general verdict of the jury. Such a verdict was not, in form, an assessment of the value of the property at the time of conversion. In replevin, where the value is otherwise undetermined and the verdict corresponds to the unpaid purchase price of the property withheld by defendant, not exceeding the value thereof, such verdict amounts to the same result as an assessment of the value of the property. Under such circumstances, the form of the verdict was not objectionable.

For the reasons herein set forth, the judgment is reversed and a new trial granted, with costs to defendant.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred. NORTH, J., took no part in this decision.