SCHWARTZ *v.* FULMER.

4-8711                                                    217 S. W. 2d 254

Opinion delivered February 7, 1949.

*Robert L. Rogers II, Paul E. Talley, Mas Howell* and *Wayne W. Owen*, for appellants.

*Warren E. Wood* and *Griffin Smith, Jr.*, for appellee.

SMITH, J. Appellee, a resident of Lonoke, in his suit against appellant, a used car dealer in Little Rock, for conversion of appellee's automobile by appellant, was awarded damages in the sum of $450 by the trial jury. From judgment in accordance with the verdict, appellant prosecutes this appeal.

Appellee, being the owner of the automobile involved herein, sold same to Norman Fitch for $550 of which $100 was paid and a note to appellee, by which title to the car was retained in appellee until purchase money was paid, was executed by Fitch for the balance. A short time thereafter Fitch traded the car to appellant. Upon learning of the trade appellee went to Little Rock and found the automobile on appellant's lot, and according to appellee's testimony, he was told by ap-

pellant that, if he would bring his papers to show ownership, he could get the car. On his return with the papers, the following day, he was unable to obtain the car. It was also shown that when Fitch traded the automobile to appellant the registration certificate which Fitch had was made out in appellee's name.

Appellant testified that he sold .the car the same day that he obtained it. Admitting that the car was on his lot when appellee and his employer came to see him about it, he stated that it was there "for a check-over." He stated that he sold the car before he found out about appellee's claim, but had re-possessed it and had it at the time of the trial.

The lower court denied appellant's request for a peremptory instruction in his favor, but gave the following instructions as to appellant's liability: "If you find that plaintiff was the owner of the 1937 Chrysler, that he notified defendant of his title while the car was in defendant's control and demanded it from defendant, and that defendant, despite such notice and demand, sold the car, such an act on defendant's part would be a conversion by defendant of plaintiff's personal property and you will find for plaintiff."

.  .  .  .  .  .

"You are instructed that if you find from the evidence that the defendant Phil Schwartz had parted with his title to and control over the automobile involved in this lawsuit prior to any notice given him by the plaintiff of his claim of ownership then you will find for the defendant Phil Schwartz."

Appellant's contention is that the facts in the case at bar and those in the case of *Loden* v. *Paris Auto Co.*, 174 Ark. 720, 296 S. W. 78, are identical, and that our decision in that case controls here. In the Loden case we denied to a vendor, holding a "title-retaining" note for purchase money, recovery for conversion of the automobile sold by him in his suit against a dealer who had bought the automobile from the vendee, and who had in due course of business re-sold the same. But in that

case, as we stated in our opinion, the dealer bought the car *and re-sold it* without any knowledge of the original vendor's claim. In the case at bar there was substantial evidence to show—and the jury must have found— that the appellant knew of appellee's title before making disposition of the car. Therefore, appellant's sale of the car, after he learned that appellee really owned it, was not a transaction made in good faith or in the usual course of business. Such a sale amounted to a conversion of the property, for which appellant became liable to appellee. Estrich, Installment Sales, § 408-414. *Carroll v. Wiggins,* 30 Ark. 402.

The judgment of the lower court is affirmed.

The Chief Justice did not participate in consideration or decision of this case.

ED. F. McFADDIN, Justice (dissenting). I respectfully dissent, because—as I see it—the majority is (1) doing violence to our holding in *Loden* v. *Paris Auto Co., infra:* and also (2) inaugurating a substantial departure from our previous holdings by permitting a conversion action in a situation such as the one here.

I. *Doing Violence to Loden* v. *Paris Auto Co.* That case is reported in 174 Ark. 702, 296 S. W. 78, and was written by Mr. Justice McHANEY, and with no noted dissents. The Paris Auto Co. sold a Dodge car to Parsons on a conditional sales contract; Parsons traded the car to Loden, and Loden sold it to Bourland. Paris Auto Co. instituted action against Parsons on the note "and against appellant (Loden) to recover the value of the Dodge car as for conversion." Thus the position of Loden in the reported case is similar to the position of Schwartz in the case at bar. Loden demurred to the complaint, which sought to hold him liable for conversion; and this is what we held: "We think the demurrer should have been sustained. The complaint showed on its face that Parsons was a conditional vendee of the Dodge car; that he had paid a part of the purchase price, been given possession of the car under a contract of sale and purchase, which retained title thereto until all the payments had been made in accordance with the terms

of the contract. Under such conditions this court has held in numerous cases that the vendee has such an interest in the chattel as he may sell or mortgage it.''

Then, after reviewing some of our cases which hold that the buyer under a conditional sales contract has an interest in the property which he can sell, the opinion has this language: ''It will therefore be seen from the above decisions, and many others that might be cited, that the selling of the Dodge car by Parsons was not an act of conversion on his part, as he had the rightful possession to the car and the lawful right to sell it, and there could be no conversion on the part of appellant in accepting said car and selling it in the usual course of business, *especially since he had no knowledge of any rights of appellee in and to the car.''* (Italics supplied.)

The last clause in the above quotation is italicized because it was merely incidental to the holding, yet the majority in the case at bar has seized on this clause in an effort to make a distinction sufficient to justify the present holding. I submit that the entire reasoning in *Loden* v. *Paris Auto Co.* is against any action *by conversion,* and that the present holding is doing violence to that case.

II. *Inaugurating a Substantial Departure.* Our cases have all the time held that when the purchaser defaults in the payment of the purchase price, then the seller in the conditonal sales contract has two remedies, and only two. In *Olson* v. *Moody, Night & Lewis, Inc.,* 156 Ark. 319, 246 S. W. 3, we said: ''This court is committed to the doctrine that a vendor who has retained (title for) purchase money has only two remedies for a breach of the contract. He may either treat the sale as cancelled and bring suit in replevin for the property, or may treat the sale as absolute and sue for the unpaid purchase money, and, in aid thereof, attach the property, under sections 8729 and 8730 of Crawford & Moses' Digest. *Butler* v. *Dodson,* 78 Ark. 569, 94 S. W. 703; *Hollenberg Music Co.* v. *Barron,* 100 Ark. 403, 140 S. W. 582, 36 L. R. A., N. S., 594, Ann. Cas. 1913C, 659; *Jones* v. *Bank of Commerce,* 131 Ark. 362, 199 S. W. 103. There is no suggestion in any of the Arkansas cases that a

third remedy is open to a vendor who has conditionally sold personal property.''

Over a score of cases, all to the same effect, are collected in West's Arkansas Digest, ''Sales,'' § 479. In the present opinion the majority is allowing the seller in a conditional sales contract to have a third remedy— *i. e.*, an action for conversion against the person who purchased the property from the conditional buyer. This is certainly a substantial departure!

Where was the act of conversion in the case at bar? In *Barnett Bros. Mercantile Co.* v. *Jarrett,* 133 Ark. 173, 202 S. W. 474, Chief Justice McCulloch approved the following definition of conversion: '' 'The wrongful assumption or dominion over property of another in subversion and denial of his rights, constitutes a conversion of such property, irrespective of whether there was a demand made for the surrender and refusal to surrender said property.' ''

Likewise, in *Hooten* v. *State,* 119 Ark. 334, 178 S. W. 310, L. R. A. 1916C, 544, Mr. Justice Hart approved the following definition of conversion: '' 'Any distinct act of dominion wrongfully exerted over one's property in denial of his right or inconsistent with it, is a conversion.' Cooley on Torts (3 Ed.), vol. 2, p. 859.''

And in Bouvier's Law Dictionary, 3rd Ed., p. 669, conversion is defined as being: ''An unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of the owner's rights.''

In short, there can be no conversion until there has been a ''wrongful exercise of dominion over property.'' I find no such occurrence in the case at bar; because Fitch had a right to sell the car to Schwartz, and by the same token Schwartz had a right to sell the car to a third person. All of this was without loss of the rights of Fulmer to replevin the car. In *Dedman* v. *Earle,* 52 Ark. 164, 12 S. W. 330, we held that the vendee of personal property sold on a conditional sales contract may, before payment, exchange the property purchased for

other property. In *Clinton* v. *Ross*, 108 Ark. 442, 159 S. W. 1103, we said: "In conditional sales of personal property where the title is retained by the vendor, until the purchase price is paid, the vendee acquires an interest that he can sell or mortgage without the consent of the vendor, but the vendor's right to recover the property, if the purchase price is not paid, is not prejudiced by such sale or mortgage."

Many cases to the same effect are collected in West's Arkansas Digest, "Sales," § 472.

To epitomize: Fitch could sell to Schwartz and Schwartz could sell to a third person—all without Fulmer's loss of retained title. That is what happened in the case at bar; so I cannot see that there was any "wrongful exercise of dominion" by Schwartz so as to constitute a conversion. When the transfer is legal there can be nothing wrong, yet the majority is now allowing an action for conversion when there has been no "wrongful exercise of dominion." Schwartz did not destroy the car. In fact, he repossessed it from the person to whom he sold it; and the car was in Schwartz's possession at the time of the trial in the Circuit Court.

There are many cases from other jurisdictions which hold that conversion occurs when the buyer under a conditional sales contract sells the property to a third person. See Annotation in 73 A. L. R. 799 listing cases and jurisdictions following that rule. But it is significant that no Arkansas case so holding is cited in the said annotation; and no Arkansas case that I can find has ever so held.

In the concluding paragraph of the majority opinion this statement appears: "Therefore, appellant's sale of the car, after he learned that appellee really owned it, was not a transaction made in good faith or in the usual course of business. Such a sale amounted to a conversion of the property, for which appellant became liable to appellee."

The only Arkansas case cited by the majority to sustain the foregoing quotation is *Carroll* v. *Wiggins*, 30 Ark. 403. But I point out that *Carroll* v. *Wiggins* was an

action in replevin and not an action in conversion, and therefore does not support the majority quotation regarding conversion.

To summarize: the majority opinion in the case at bar is a substantial departure from our previous holdings. For the reasons herein stated, I respectfully dissent.