BAILEY *v.* TOLLESON.

4-9562                                                    241 S. W. 2d 110

Opinion delivered July 9, 1951.

*O. D. Longstreth, Jr.,* and *Dave E. Witt,* for appellant.

*Talley & Owen,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, E. L. Bailey, was plaintiff in the circuit court in an action against appellee, Marie Tolleson, for the conversion of an automobile. The case was heard on a stipulation of facts and the testimony of appellant and his former attorney.

It is set out in the stipulation that appellant was the owner of the car in controversy on November 19, 1946, when he sold it to W. R. Davis under a title retaining note; that on December 19, 1946, Davis sold the car to Phil Schwartz, a used-car dealer, who sold it to another party early in 1947 and repurchased it in April, 1947, when he sold the car to appellee; that appellee sold the car either in April or May, 1948, to a third party; and that the only question involved in the suit is whether appellee knew at the time she owned the car or at the time she sold it that appellant had a title retaining note on the car.

At the conclusion of the evidence both parties moved for a directed verdict. The trial court then withdrew the cause from the jury and rendered judgment for appellee.

In passing on the correctness of the trial court's finding and judgment, we apply the rule stated in *Green* v. *Ozark Land Co.,* 204 Ark. 627, 163 S. W. 2d 325 (Headnote 1) as follows: "Where both parties ask for instructed verdicts and for no other instructions and the court withdraws the case from the jury, his findings, are as binding as the verdict of the jury, and if there is any substantial evidence to support them the judgment rendered thereon will be affirmed."

Under our holding in *Schwartz* v. *Fulmer*, 214 Ark. 572, 217 S. W. 2d 254, it was incumbent on appellant in the trial court to prove by a preponderance of the evidence that appellee had notice of appellant's claim of title to the car while she owned it or when she sold it in April or May, 1948.

Appellant testified that he located the car on Schwartz's car lot and afterwards had a conversation with one of the salesmen in the office where appellee was employed in regard to appellant's claim of title to the car. Appellant first testified that this conversation took place either the same day or a few days before the instant suit was brought. It is undisputed that the present action was filed on November 3, 1948. The court asked and appellant answered as follows: "The Court: I didn't get it quite clear when it was you had the conversation with the salesman and Miss Tolleson. A. (Appellant) I imagine it was sometime in '48, Judge. I don't remember what time it was." Appellant's former attorney testified that after appellant located the car on Schwartz's lot, he (the attorney) had a conversation with Schwartz in appellee's presence about bringing suit to recover the car. He was uncertain about the date of this conversation and stated that he filed the instant suit "a few months" later.

The trial court was warranted in concluding that appellant did not meet the burden of proving the notice required to establish the charge of conversion against appellee. The judgment is, therefore, affirmed.