Cloud Oak Flooring Company v. J. A. Riggs Tractor Co.

5-255 266 S. W. 2d 284

Opinion delivered April 5, 1954.

448

*Ben B. Williamson,* for appellant.

*Stanley E. Price* and *Rose, Meek, House, Barron & Nash,* for appellee.

J. S. DAILY, Special Justice. The appellant argues only two questions in its brief. These are the only points properly presented here. *Connell* v. *Robinson,* 217 Ark. 1 at 4, 228 S. W. 2d 475; *Bowling* v. *Stough,* 101 Ark. 398 at 404, 142 S. W. 512; *Purifoy* v. *Lester Mill Co.,* 99 Ark. 490 at 494, 138 S. W. 995.

Stated in inverse order these are: (1) Conversion is not a proper remedy of a conditional seller against one holding under his conditional buyer; and (2) A provision in a conditional sales contract conditioning the passage of title upon the payment by the buyer of open account indebtedness due the seller for repairs to the machine sold. and in addition to the deferred installments of the pur chase price, is not enforceable, after the full payment of the purchase price, against one holding under the buyer.

For the first proposition stated appellant relies on *Loden* v. *Paris Auto Co.,* 174 Ark. 720, 296 S. W. 78. But the point of that case, on the question of conversion, was that a conditional buyer has an interest which he can sell or mortgage without the consent of the conditional seller, *Fairbanks, Morse & Co.* v. *Parker,* 167 Ark. 654, 269 S. W. 42, and, therefore, a purchase from the buyer, alone and of itself, does not constitute a conversion. Appellant quotes from *Olson* v. *Moody, et al.,* 156 Ark. 319, 246 S. W. 3, as follows:

"* * * This court is committed to the doctrine that a vendor who has retained purchase money has only

two remedies for a breach of the contract. He may either treat the sale as canceled and bring suit in replevin for the property, or may treat the sale as absolute and sue for the unpaid purchase money, and, in aid thereof, attach the property * * *. There is no suggestion in any of the Arkansas cases that a third remedy is open to a vendor who has conditionally sold personal property. * * *''

But there the seller sued in the Chancery Court for the debt representing the unpaid purchase price and sought to have a lien declared and foreclosed upon the subject of the sale. The question before the Court was the jurisdiction of equity to create a lien in favor of the conditional seller upon the subject of the sale in an action for the balance of the purchase price. The Court held not, and added to the language above quoted:

''* * * As stated before, a vendor has an adequate remedy at law, and no necessity exists for equity to mold a remedy to preserve his rights. * * *''

Subsequently this Court has recognized and enforced the remedy of conversion in favor of conditional sellers against purchasers from the buyer under a proper showing. *Wright Motor Co.* v. *Shaw,* 171 Ark. 935, 287 S. W. 177; *General Contract Purchase Corporation* v. *Row,* 208 Ark. 951, 188 S. W. 2d 507; *Schwartz* v. *Fulmer,* 214 Ark. 572, 217 S. W. 2d 254; *Bailey* v. *Tolleson,* 219 Ark. 307, 241 S. W. 2d 110; *Strickland* v. *Quality Building and Security Co.,* 220 Ark. 708, 249 S. W. 2d 557. These lay down the rule that conversion is a proper remedy of the conditional seller against one holding under the conditional buyer if such holder disposes of the subject of the sale, or withholds its possession, after notice of the seller's claim and demand for possession by the seller following the conditional buyer's default.

The appellant has brought into the transcript the testimony of its own general superintendent, in the form of his oral deposition taken by stipulation and filed with the trial Court. It conclusively shows that appellant retained and withheld possession of the tractor in con-

troversy, having removed it out of the state, after the filing of the complaint and service of summons on appellant. The latter was full notice to the appellant of appellee's claim of title under its conditional sales contract and of the conditional buyer's default and constituted demand for possession. Therefore, all of the elements of conversion are present.

The second question presented by the appellant—validity of use of conditional sales contract to secure a subsequently incurred debt in addition to the purchase price—has not been clearly answered in Arkansas decisions. In this case it arises under the following contract provisions:

\* \* \* \*

"Title to the property aforesaid shall remain in the seller until the full purchase price thereof and all interest thereon and all reimbursable expenses incurred by seller shall have been paid in full."

\* \* \* \*

"Buyer agrees, during the continuance of this contract, \* \* \* to make any and all repairs thereon which may be necessary to keep said property and its equipment in as good condition as it is now, reasonable use and wear thereof excepted; \* \* \*"

\* \* \* \*

"Should buyer fail to do or perform any of the acts or things required to be done by him under any of the terms hereof, seller may, at its option, do and perform any of such acts or things on the buyer's behalf, and all moneys advanced or paid by seller in so doing shall be added to and be deemed a part of the balance due hereunder and bear interest at a like rate."

Pending payment of the deferred purchase price installments the conditional seller, appellee, made repairs to the tractor in controversy, charging the costs of the parts and labor to the conditional buyer on open account. This open account indebtedness for repairs has never been paid and is the basis of the appellee's claim of re-

tained title as against appellant, mortgagee of the conditional buyer.

This question is the subject of an annotation found at 148 A. L. R. page 346 following *Re Halferty,* 136 F. 2d 640, 148 A. L. R. 342. In *Re Halferty* the Court of Appeals for the Seventh Circuit had before it this precise question and lists the earlier decisions pro and con, including the three from Arkansas pertinent to the point and which are hereafter referred to separately. The decision in *Re Halferty,* upholding the validity of such contract provision as against the conditional buyer's trustee in bankruptcy, is bottomed, however, upon § 29 of the Uniform Sales Act then in force in Illinois, locus of the sale (Ark. Stats. 1947, § 68-1420 is the same). But when our Legislature adopted the Uniform Sales Act (Act 428 of 1941) it appended a § 76 (c) (§ 68-1479), not a part of the original uniform act, and this added section expressly excepted conditional sales from the Uniform Sales Act's operation and terms in our state. Therefore, *Re Halferty* is not of value in determining the issue in Arkansas.

In *Faisst* v. *Waldo,* 57 Ark. 270, 21 S. W. 436, the question was mooted and avoided by employment of the principle of application of payments to effectuate the evident intent of the parties. In *Augusta Cooperage Company* v. *Parham,* 139 Ark. 605, 213 S. W. 737, the Court *assumed* valid, as against a mortgagee of the conditional buyer without notice, a condition obligating payment of sums other than the purchase price, if incorporated in a title retention sale contract. But the lower court had found, on disputed testimony, that the contract *was not so conditioned.* The decision was merely an affirmance of this fact finding, on the ground that it was supported by substantial evidence. In *Hammans Lumber Co.* v. *Fricker,* 184 Ark. 1193, 42 S. W. 2d 1001, an action of conversion by the conditional buyer against his conditional seller who had repossessed the subject of the sale, the Court approved an instruction to the effect that the conditional buyer "could not recover if he had purchased the truck at a given price * * * with the agreement

452

that the truck with its equipment was to remain the property of [the seller] until the purchase price and *repairs* were paid, and that the [conditional buyer] had failed to pay such purchase money and *cost of repairs."* (Emphasis added). The last two of these three Arkansas decisions are not reported in the official Arkansas reports, the Court concluding they were of no value as precedents.

A majority of the decisions of other jurisdictions have approved such provisions as a valid condition to be imposed by a title retention contract of sale, although some of these, like in *Re Halferty,* are predicated upon the Uniform Sales Act or the Uniform Conditional Sales Act, neither of which is of support here.

It is not necessary that we decide the enforceability of such a provision as against innocent third parties without notice, and thereby extend the inherent vice of secret liens, resulting from our lack of statutory requirement that title retention sale contracts be in writing and recorded or filed (motor vehicles excepted—Ark. Stats. 1957, 1953 Cum. Supp., §§ 75-160 and 75-161). Here the appellant had full notice of the existence of appellee's conditional sale contract and assumed and agreed to pay the installments of the purchase price due under it. The testimony of the appellant's general superintendent, referred to hereinabove, is unequivocally to this effect. In fact appellant paid or furnished the funds to pay all of the installments of the purchase price. If it never saw the contract and the provisions in it copied above, it was nevertheless charged with notice of them. One who has notice or knowledge of an instrument is charged with notice of all recitals and provisions in it, if reasonably obtainable on inquiry. *Kellogg-Fontaine Lumber Co.* v. *Cronic,* 219 Ark. 170, 240 S. W. 2d 872; 39 Am. Jur., Notice and Notices, § 22, page 246. Appellant had only to request inspection of the buyer's or the appellee's copy of their contract. The former was an employee of the appellant.

We hold the provisions of the contract herein quoted effective to condition passage of title upon payment of

the repair bills incurred for the maintenance of the subject matter of the sale, and valid and enforceable against appellant, holding under the buyer, and charged, as appellant is, with notice of these provisions of the contract at the time it acquired its interest.

Affirmed.

Justice George Rose Smith not participating.

Ward, J. In disagreeing with the majority opinion in this case I am not concerned with the first question discussed in the opinion relative to conversion being the proper remedy. My dissent goes to the second question discussed which relates to the effect of the provision in the conditional sale contract whereby appellee attempted to retain what amounts to a lien on the tractor to secure it for repairs. I want to note at this time that the "repairs" with which we are concerned here had not been made at the time of the sale but that they refer to repairs which appellee contemplated it might make sometime in the future.

It is noted also that the majority opinion recognizes that the question here involved "has not been clearly answered in Arkansas decisions." This is one of the reasons why I think "the inherent vice of secret liens," as recognized in the majority opinion, should not be extended, and there are other reasons. Our statutory law provided appellee a method whereby it could perfect a lien on the tractor for the repairs which it had furnished. Ark. Stats., § 51-404 and § 51-405 allow appellee to retain possession of the tractor after the repairs have been made, in which event it would have had a lien to protect its credit. Appellee could also have perfected a lien under Sections, § 51-409 and § 51-412, but in this event it would have been necessary to file a claim with the clerk within 90 days after the repairs were made. Of course appellee could also have taken a chattel mortgage on the tractor for repairs, but the mortgage would have had to be placed of record. Appellee, however, did not choose to follow any of these remedies but chose to rely on the provision in the conditional sale contract.

45 

It seems obvious to me that if the said provision about repairs was valid it would have to be on the same basis as the provision for purchase price. The majority opinion d es not choose to put both provisions on the same basis. If not on the same basis then the questioned provision in the sale contract can only be likened to a mortgage. But an unrecorded mortgage is not notice to third parties. In *Leonhard* v. *Flood,* 68 Ark. 162, 56 S. W. 781, the court said: "An unrecorded mortgage, in this state, constitutes no lien as to third parties." This rule has been consistently upheld by many subsequent decisions. We also uniformly hold that an unrecorded mortgage is not good against a third party even though he has actual notice. *Polster* v. *Langley,* 201 Ark. 396, 144 S. W. 2d 1063. Therefore it is my conclusion that the provision in the conditional sale contract concerning payment for repairs amounted to no more than an unrecorded mortgage.

Assuming my position thus far is not sound, there is another reason why I think the majority opinion is wrong. It is based on the proposition that appellant, in this case, had actual notice of the provision in the conditional sale contract. The opinion states: "Here the appellant had full notice of the existence of appellee's conditional sale contract. . . ." Just what does this mean? This case comes to us from an order of the trial court overruling a demurrer to appellee's complaint. It must be conceded that the demurrer will be tested here by, and only by, the allegations contained in the complaint. The only allegation in the complaint relative to notice is the following: "On or about August 1, 1952, and with knowledge of the existence of the aforesaid contract of sale defendant took possession. . . ." I submit that this statement contained in the complaint is not equivalent to a statement that appellant had knowledge of the existence of the peculiar provision in the contract. The majority opinion, apparently in an effort to substantiate its assertion that appellant had actual knowledge, refers to a certain deposition or stipulation which was filed in this case, but this deposition was not a part of the complaint and therefore should not be considered.