SNOW v. WOOD. .

Opinion delivered March 24, 1924.

1.   ACCOUNT—EVIDENCE.—Evidence *held* to establish that one furnishing supplies to another over a period of several years had given due credit for cotton received by him in payment.

2.   PAYMENT—APPROPRIATION.—The debtor at the time of making a payment on account has the primary right to direct its application to particular items of the account, upon failure of which the creditor may make application, and, in the event both fail to make application, the law applies the payment to the oldest items of the account.

3.   PAYMENT—APPLICATION OF PAYMENTS.—The rule that the law applies payments to the oldest items of an account will not be enforced when contrary to the intention of the parties.

Appeal from Lincoln Chancery Court; *John M. Elliott*, Chancellor; affirmed.

STATEMENT OF FACTS.

On the 12th day of August, 1921, C. E. Wood sued Jim Snow in the circuit court to recover $3,782.86 alleged to be the balance due on a merchandise account owed him by Snow.

Jim Snow filed an answer, in which he denied owing C. E. Wood any amount whatever. He claimed that he had paid his merchandise account with Wood, and that the latter had failed to credit him with certain sums to which he was entitled.

On motion of the defendant the cause was transferred to the chancery court. The defendant also filed a motion for the appointment of a master, which was granted. The master was directed to audit the account sued on, and. for that purpose, to examine the books of the plaintiff

and to take such other testimony as was necessary to establish the correctness of the account.

C. E. Wood and Jim Snow both testified before the master. The master reported that, after allowing all proper credits, the defendant was indebted to the plaintiff in the sum of $2,965.39, and that this included a balance brought forward from the 1917 account.

The defendant filed certain exceptions to the report of the master, which were heard by the court. This testimony will be stated in the opinion.

The chancellor overruled the defendant's exceptions to the master's report, and found that Snow was indebted to Wood in the sum of $2,965.35. It was decreed that the plaintiff recover judgment of the defendant for that amount.

The defendant has duly prosecuted an appeal to this court.

*Crawford & Hooker,* for appellant.

When an action is brought on an account, the account must be itemized and filed with the complaint. 132 Ark. 386. The suit was barred by limitations. C. & M. Dig., § 5950. Where a merchant sells a planter or farmer, the universal custom is that the account is due and payable at the end of the year in which the goods are furnished. The court will take judicial knowledge of such general customs. 12 Ark. 645: 4 Ark. 302; 1 Greenleaf on Ev., pp. 63, 64, § 56; 130 Ark. 272; 134 Ark. 273; 141 Ark. 164. Where the statute of limitation is pleaded in an action on account, the burden is on the plaintiff to show that his action is not barred. 69 Ark. 311; 64 Ark. 26: 27 Ark. 343; 53 Ark. 96; 43 Ark. 136. A demand for a balance due upon an account stated is not an open account. 135 Ala. 272, 33 So. 28. The 1917 account is not a part of a mutual open account current, and is not covered by C. & M. Dig., § 6964. See the interpretation of this court in 27 Ark. 343. See also Angel, 138; 17 Serg. R. 347; 12 Ind. 174: 5 Bos. N. Y. 226: 17 Cal. 344: 30 Cal. 126; 74 Ga. 555; 125 Ga. 82; 32 Md. 86; 16 Mich. 211. Where an account is not a mutual and open account, the

parties cannot make it so by agreement. 136 Mass. 30. The statute of limitation is as binding in equity as at law. 47 Ark. 301; 46 Ark. 25; 43 Ark. 469; 20 Ark. 293; 16 Ark. 129.

*Johnson & Smith,* for appellee.

Where there is a running account between parties, the law will apply payments to the several items of the account in the order of their priority. 57 Ark. 597; 91 Ark. 466. Thus the 1917 and 1918 accounts were paid, and the accounts in suit are for 1919, 1920, and 1921.

HART, J., (after stating the facts). C. E. Wood was a dealer in general merchandise, and furnished supplies to Jim Snow and his tenants for the years 1917, 1918, 1919, and 1920. The principal exception to the account of the plaintiff by the defendant is that the plaintiff failed to account to him for the price of twenty bales of cotton, which the defendant delivered to him in the fall of 1918. According to the testimony of the defendant, he delivered to the plaintiff forty bales of cotton, and the latter failed to account to him for twenty bales. The books of the plaintiff show a credit to the defendant, by cash, of $3,908.79, in December, 1918. The plaintiff states positively that he accounted to the defendant for all the cotton which the latter delivered to him for the year 1918. He states further that the item of $3,908.79, credited as cash, represented cotton which the defendant had sold himself and had paid the proceeds to the plaintiff, on his account. The defendant denies that he sold this cotton and paid the proceeds to the plaintiff to be credited on his account. He admits, however, that he does not know where he got the $3,908.79 which he paid to the plaintiff. The result of the finding of the master and of the chancellor is that this must have been the proceeds of the cotton which the defendant thinks he delivered to the plaintiff. It is not reasonable to suppose that a man farming only between three and four hundred acres of land would have this amount of money and not know where it came from.

The chancellor found the issues in this respect in favor of the plaintiff, and it cannot be said that his finding is against the preponderance of the evidence.

The next contention of the defendant is that the plaintiff failed to credit him with two checks, one for $75 and the other for $50.

According to the testimony of the plaintiff, he simply cashed these two checks for the defendant, and they had nothing whatever to do with his account. The defendant denies this, and claims that his account should be credited by the amount of these checks. He admits, however, that he did trade some in cash with the plaintiff, and that these cash transactions were not included in his account.

The chancellor found in favor of the plaintiff in regard to these two items, and it cannot be said that his finding is against the weight of the evidence. The account of the defendant for the year 1918 starts with a charge of $1,590.63, which was a balance brought forward from the 1917 account.

It is claimed by the defendant that each year's account is a separate transaction, and that the balance of the account for the year 1917 was due on the first day of January, 1918. The suit was not commenced until August 12, 1921. Hence it is contended that the balance due on the account for 1917 is barred by the three-years statute of limitations applicable to actions on accounts. We cannot agree with counsel for the defendant. The plaintiff was a dealer in general merchandise, and the defendant traded with him during the years 1917, 1918, 1919, and 1920. The balance due from each year's account was carried forward into the account for the next year. No demand was made by the defendant for the application of the payments made by him to any particular items of the account. The rule relating to application of payments is that the debtor, at the time of making payment, has the primary right to direct the application to any particular item of the account. If he fails to make such application, the creditor has the right to make

it. Should the creditor fail to make it, then the law makes it by applying the payment to the oldest items of the account that are due at the date of the payment. *Briggs v. Steele,* 91 Ark. 458. In this connection it may be also stated that the rule as to the application of payments to the earlier items of an account is not inflexible, and will not be enforced when contrary to the intention of the parties. *Terry v. Klein,* 133 Ark. 366.

We do not think, however, that the defendant has shown that the credits were not intended to be applied to the earlier items of the account.

Therefore we do not think that his plea of the statute of limitations should be sustained. The result of our views is that the decree of the chancellor is correct, and should be affirmed. It is so ordered.