TRINITY ROYALTY COMPANY, INC., *v.* RIGGINS.

4-5761     136 S. W. 2d 473

Opinion delivered February 5, 1940.

*A. M. Shirey, Jr.,* and *E. A. Upton,* for appellant.
*Whitley & Upton,* for appellee.

HUMPHREYS, J.   The sole issue involved on this appeal is whether appellant bought an undivided one-half interest in the oil, gas and other minerals in, under and upon the NW¼ of the SW¼, section 6, township 16 south, range 22 west in Lafayette county, Arkansas, on the 10th day of March, 1937, from John C. Cook and his wife, Katherine Cook, without notice that appellee, W. P. Riggins, had purchased the same interest therein from Hodge Walton and his wife, Martha Walton, on May 7, 1925, who were grantors in appellee's chain of title.

On May 14, 1925, Hodge Walton and his wife, Martha Walton, conveyed the fee simple title to said forty acre tract by warranty deed to B. A. Baucum, and on March 1, 1928, B. A. Baucum and his wife, Artie M. Baucum, conveyed the fee simple title to the forty acre tract by warranty deed to John C. Cook and, as said above, on the 10th day of March, 1937, J. C. Cook and his wife, Katherine Cook, conveyed an undivided one-half interest in the oil, gas and other minerals in, under and upon said forty acre tract to appellant.

All the deeds in appellant's record chain of title described the lands as being in township 16 south.   Prior to these conveyances, on March 7, 1925, appellee, W. P.

Riggins, purchased an undivided one-half interest in all the oil, gas and other minerals in, under and upon said forty acre tract of land from Hodge Walton and his wife, Martha Walton, but through mistake of the scrivener the land was described as being in township 15 south instead of township 16 south.

Appellee, W. P. Riggins brought this suit in the chancery court of Lafayette county to reform his deed so as to correctly describe the land as being in township 16 alleging that a mutual mistake as to the description was made in drafting the deed; and also to cancel the mineral deed executed by J. C. Cook and his wife, Katherine Cook, in favor of appellant, Trinity Royalty Company, Inc., and other relief incidental to said reformation and cancellation.

Appellant filed an answer denying the material allegations in the complaint and stating it was an innocent purchaser for value of an undivided one-half interest in all the oil, gas and other minerals in, under and upon the NW¼ of the SW¼, section 6, township 16 south, range 22 west.

J. C. Cook also filed an answer denying the material allegations in the complaint and alleging that he was an innocent purchaser for value from B. A. Baucum and Artie Baucum, his wife, of said forty-acre tract.

Upon a hearing of the case the court found that a mutual mistake had been made by the scrivener in drawing the deed from the Waltons to an undivided one-half interest under said forty-acre tract as to the description; that while the deed showed the land to be in township 15 of said range, it should have shown that it was in township 16 of said range and, based upon this finding the court reformed the deed from the Waltons to Riggins so as to correctly describe the land intended to be conveyed; and also found that appellant had notice that Riggins purchased from the Waltons and owned an undivided one-half interest in the minerals under said forty-acre tract at the time it purchased an undivided one-half interest in the minerals under said tract from J. C. Cook

and wife and, based upon said finding, canceled appellant's deed from Cook. Before appellant purchased said mineral interest from Cook, he demanded and received a certified certificate from an abstractor to the effect that the record showed no outstanding mineral leases to an undivided one-half interest in the minerals under said forty-acre tract except a one-sixteenth interest therein to C. V. Lindsey and parties to whom he had conveyed a part of his interest, and appellant makes the contention that, in view of the fact that the record chain of title contained nothing to put him on notice that appellee had an interest in the minerals under said forty-acre tract, he bought in good faith without notice of appellee's interest therein and is an innocent purchaser for value.

A great deal of the evidence introduced related to the various deeds relating to the record chain of title under which appellant claims, but we deem it unnecessary to set out the evidence in this respect as we have concluded that before appellant purchased the minerals from J. C. Cook he had knowledge of sufficient facts to put him upon inquiry as to the claim and title of appellee to the minerals under said forty acre tract. This court is committed to the doctrine that "notice of facts which would put a man of ordinary intelligence on inquiry is equivalent to knowledge of all the facts that a reasonably diligent inquiry would disclose." *Jordan* v. *Bank of Morrilton,* 168 Ark. 117, 269 S. W. 53; *Townsend* v. *Caple,* 193 Ark. 297, 99 S. W. 2d 258. There are many other cases in our own reports sustaining this doctrine which we deem it unnecessary to cite.

A preponderance of the testimony reflects that J. C. Palmer represented appellant in negotiating the purchase by appellant from J. C. Cook of the mineral interest under said forty acre tract of land and of course whatever information J. C. Palmer acquired in negotiating the purchase thereof as to the interest of appellee therein bound appellant who was Palmer's principal. At the time J. C. Palmer was negotiating the purchase of the mineral interest for appellant he was advised by J. C.

Cook that W. P. Riggins was claiming an interest in the minerals and had he gone to W. P. Riggins, as he should have done, and made the proper investigations he could have found out that W. P. Riggins purchased and paid for an undivided one-half interest of the minerals under said forty acre tract and that a mistake was made in drafting the deed from the Waltons to Riggins. B. A. Baucum was the scrivener who prepared the deed from the Waltons to W. P. Riggins, and he testified positively that at the time the deed was prepared and executed the Waltons were living upon the forty acre tract of land in question and that they owned no other land in Lafayette county and that in the preparation of the deed he took the description either from an old deed or from plats or maps and that he made the mistake in describing the lands in township 15 instead of township 16. B. A. Baucum bought the land a short time after he prepared this deed from the Waltons to Cook and said that he bought it knowing that appellee had purchased and paid for one-half of the minerals under said forty acre tract. B. A. Baucum further testifies that when he sold and conveyed a fee simple title to the land by warranty deed to Cook he notified Cook that, he, Baucum, did not own any of the minerals under the said forty acre tract. On page 63 of the transcript, it appears that B. A. Baucum testified as follows:

"Q. When you sold this land to Mr. Cook was he advised by you that Mr. Riggins owned this royalty?

"A. I don't remember. He asked about the minerals and I told him I didn't have any minerals; that Lindsey and Riggins had the minerals."

Our conclusion, therefore, after a careful reading of the evidence, is that neither Cook nor appellant were innocent purchasers of an undivided one-half interest in the minerals under said forty acre tract; that appellant bought an undivided one-half interest in the minerals under said land from Cook with the knowledge that W. P. Riggins was claiming an interest in the minerals and that Cook bought the land from B. A. Baucum with the

knowledge that the appellee, W. P. Riggins, was claiming an undivided one-half interest under same.

We think by proper inquiry and investigation appellant could have discovered and should have discovered that appellee bought an undivided one-half interest in the minerals under the land and paid for same and that the scrivener in drawing the deed from the Waltons to appellee made a mistake by describing the land in township 15 instead of township 16 in said range.

The court granted some incidental relief after the reformation of the deed from the Waltons to appellee and the cancellation of appellant's mineral deed, but as appellant has no interest in this incidental relief after the cancellation of his mineral deed, there is no necessity for this court to determine whether the trial court erred in granting the incidental relief.

No error appearing, the decree is in all things affirmed.