David E. INMON *v.* SOUTHWEST
AUTO SUPPLY, INC.

CA 79-330                                      599 S.W. 2d 420

Court of Appeals of Arkansas
Opinion delivered April 30, 1980
Released for publication May 21, 1980

*Patten, Brown, Leslie & Davidson,* by: *Charles Darwin Davidson,* for appellant.

*Curtis E. Rickard,* for appellee.

MARIAN F. PENIX, Judge. David Inmon, appellant, invested money in Commercial Truck Refinishing, a partnership. Southwest Auto Supply, Inc. sued Inmon for collection of a debt in the amount of $3,493.69. The Court rendered judgment against Inmon in the amount of $2,944.16. Inmon appeals.

Doug B. Conners and David Inmon formed a partnership October 15, 1976. Inmon invested $15,000 cash and Conners invested $15,000 worth of property into the partnership. The partnership was terminated on January 28, 1977.

Doug B. Conners had a personal account with appellee Southwest Auto Supply, Inc. He became behind with his personal account. In October, 1976 Conners was told he no longer had credit with appellee Southwest Auto Supply until he settled his past due account. Conners wrote a $3,500 check on the partnership account and told Wayne Morehead, manager of Southwest Auto Supply, to apply the $3,500 to his past due personal account. Conners made charges on the Commercial Truck Refinishing partnership account from October 18, 1976 up to and through January 25, 1977.

I

Inmon alleges error in the trial court's not allowing the

$3,500 check written by Conners on the partnership account to be credited to the Commercial Truck Refinishing account. Inmon further alleges he would actually have a credit of $600.00 with Southwest if the check had been credited to the partnership account rather than to Conners personal back debt.

Inmon alleges Morehead, manager of Southwest, knew there was a new partnership. Also he contends the face of the check shows it was drawn on the Commercial Truck Refinishing account and therefore was notice in and of itself the funds should be credited to the partnership only.

In *Batson* v. *Drummond,* 158 Ark. 29, 249 S.W. 547 (1923) the court held where plaintiff and defendant entered into an agreement to operate a hotel, the firm could not be charged with the expense of operation for a time preceding the formation of the partnership.

The case required an accounting between the parties to the partnership. In the case at hand there is a third party — Southwest Auto Supply. We must determine whether Southwest could rely on directions of a partner to applying funds from the partnership to his personal account. If we hold Southwest accountable are we placing an undue burden on a creditor doing business with a partnership?

Ark. Stat. Ann. § 65-109 provides:

(1) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority. (2) An act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partner.

Both parties have cited *Kellogg-Fontaine Lumber Co.* v. *Cronic,* 219 Ark. 170, 240 S.W. 2d 872 (1951). Southwest Auto cites *Kellogg* for the proposition the debtor has the right to direct payment to the creditor as the debtor wishes. Inmon cites *Kellogg* as a situation in which the creditor took payments and applied them against the debtor's wishes. There was distinct language on the check as to what the debtor wished the money applied to.

In the instant case Conners specifically directed Southwest to make the payment on his personal account. The partnership arrangement made Conners the managing partner. He was the agent of the partnership.

## II

Inmon alleges the court erred in allowing Moorehead's testimony concerning Conners' directions.

We find the testimony not to be hearsay. Uniform Rules of Evidence 801(d)(2)(iv) provides a statement is not hearsay if:

> . . . The statement is offered against a party and is a statement by his agent . . . concerning a matter within the scope of his agency or employment, made during the existence of the relationship . . .

Conners was an agent of the partnership. He made the statement directing the application of the $3,500.00 while the agency existed and it was against the interest of Inmon. The statement was not hearsay.

We hold the court was not in error in rendering a judgment for Southwest Auto Supply, Inc.

Affirmed.